IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2006 FEB 23 A 9:58

| | |
|---|---|
| BRADLEY THOMAS, & <br> LAURIE THOMAS, <br><br> PLAINTIFFS, <br><br> vs. <br><br> NCB MANAGEMENT SERVICES, INC, & <br> JOHN HARDING, INDIVIDUALLY, <br><br> DEFENDANTS. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE #: 1:06cv165-DRB <br> ) <br> ) **JURY DEMAND** <br> ) <br> ) <br> ) |

**COMPLAINT**

**I. INTRODUCTION**

1. This is a Complaint for damages for actual, statutory, and punitive damages brought by the Plaintiffs, Bradley and Laurie Thomas against the Defendants, NCB Management Services, Inc. and John Harding, individually, for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiffs' right of privacy; the Defendants' intentional infliction of emotional distress; and the Defendant's, NCB Management Services, Inc.'s, negligent supervision.

**II. JURISDICTION AND VENUE**

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

**III. PARTIES**

4. Plaintiff, Bradley Thomas (hereinafter, "Mr. Thomas" or collectively known as "Mr. and Mrs. Thomas"), is a natural person residing in Houston County, Alabama.

5. Plaintiff, Laurie Thomas (hereinafter, "Mrs. Thomas" or collectively known as "Mr. and Mrs. Thomas"), is a natural person residing in Houston County, Alabama.

6. Defendant, NCB Management Services, Inc. (hereinafter, "NCB") is a Pennsylvania corporation engaged in the collection of debts from consumers using the mail and telephone. The Defendant, NCB, regularly attempts to collect consumer debts alleged to be due another. Defendant, NCB, is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place of business is located at Three Neshaminy Interplex, Suite 205, Trevose, Pennsylvania 19053.

7. Defendant, John Harding (hereinafter, "Harding"), is an individual engaged in the collection of debts from consumers using the mail and telephone. The Defendant regularly attempts to collect debts alleged to be due another. Defendant is a debt collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's place of residence is unknown and will be determined during discovery.

8. The alleged debt was for personal, family, or household purposes.

## IV. FACTUAL ALLEGATIONS

9. On or about the week of November 6, 2005, the Defendants undertook a series of telephone calls directed to the Plaintiffs.

10. On or about the week of November 6, 2005, the Defendants telephoned the Plaintiffs approximately two (2) to three (3) times per day.

11. Because of the sheer volume of telephone calls, the Plaintiffs were forced to change their home telephone number.

12. On or about December 16, 2005, Defendant, Harding, while employed as a collector for Defendant, NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment. During the course of this conversation, Plaintiff informed the Defendant, Harding, to cease any further contact with her at her

place of employment. During the course of this conversation, Defendants advised Plaintiff, Mrs. Thomas, of their intent to garnish Plaintiff's, Mr. Thomas', wages.

13. On or about December 16, 2005, Defendant Harding, while employed as a collector for Defendant, NCB, contacted Ray Kynerd (hereinafter, "Kynerd"), a co-worker of Plaintiff, Mr. Thomas, and requested the Plaintiffs' home telephone number or cellular telephone number. Co-worker, Kynerd, summoned Plaintiff, Mr. Thomas, to the telephone to speak with Defendant Harding.

14. On or about December 16, 2005, during the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant accused Plaintiff, Mrs. Thomas, of lying and hiding the debt from Plaintiff, Mr. Thomas.

15. On or about December 16, 2005, during the course of the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant provided a non-existent deadline of December 16, 2005 to pay the indebtedness.

16. On or about December 16, 2005, during the course of the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant was advised not to telephone Plaintiff's, Mr. Thomas', place of employment. Defendant Harding, threatened to garnish Plaintiff's, Mr. Thomas', wages.

17. On or about December 19, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, telephoned Plaintiff, Mrs. Thomas, at her place of employment and left a voice mail advising that she (Mrs. Thomas) must set up payment arrangements by 6:00pm on December 19, 2005.

18. On or about December 20, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment, and once again threatened garnishment. During this conversation, Defendant Harding, also threatened to contact Plaintiff's, Mr. Thomas', payroll department. During the course of this conversation, Defendant Harding, also advised Plaintiffs to enjoy their house while they still had it.

19. On or about December 20, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Joey Lovern (hereinafter, "Lovern"), Plaintiff's, Mr. Thomas', co-worker, to speak with Plaintiff, Mr. Thomas, regarding the importance of contacting Defendant Harding. Co-worker Luvern was so concerned by his conversation, that he contacted Plaintiff's, Mr. Thomas', foreman to relay the information pertaining to Defendant Harding. In turn, Plaintiff's, Mr. Thomas', foreman contacted him (Mr. Thomas) at home, to pass along Defendant's, Harding's, name and telephone number.

20. On or about December 20, 2005, Plaintiff, Mr. Thomas, Left a voice mail message on Defendant's, Harding's, telephone advising him not to call either Plaintiff (Mr. and Mrs. Thomas) at their place of employment.

21. On or about December 21, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment requesting payment of an alleged indebtedness.

**COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT.**

22. Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate paragraphs 1 through 21 as if fully set out herein.

23. Defendants violated the FDCPA, 15 U.S.C. § 1692b by communicating with a third party, other than the consumer, for purposes other than acquiring location information about the consumer.

24. Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiffs at an unusual time and place known to be inconvenient to the Plaintiffs.

25. Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the Plaintiffs at their place of employment when the Defendants knew that the consumer's employer prohibited such contact at their place of employment.

26. Defendants violated the FDCPA, 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

27. Defendants violated the FDCPA, 15 U.S.C. § 1692d(5) by causing the Plaintiffs' telephone to ring repeatedly or continuously with the intent to annoy, harass, or abuse the Plaintiffs at the called numbers.

28. Defendants violated the FDCPA, 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with collection of an alleged debt.

29. Defendants violated the FDCPA, 15 U.S.C. § 1692e(2) by falsely representing the legal status of an alleged debt.

30. Defendants violated the FDCPA, 15 U.S.C. § 1692e(4) by representing or implying that the nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiffs when such action is not lawful and where the Defendants did not intend to take such action.

31. Defendants violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take action which could not legally be taken nor which was intended to be taken.

32. Defendants violated the FDCPA, 15 U.S.C. § 1692e(10) by using false representations or deceptive means in an attempt to collect an alleged debt. The Defendants further violated the FDCPA, 15 U.S.C. § 1692e(10) by using false representation or deceptive means to obtain information concerning the Plaintiff, Mr. Thomas.

33. Defendants violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect an alleged debt.

34. Defendants violated the FDCPA, 15 U.S.C. § 1692f(6)(B) by threatening to take non-judicial action to collect an alleged debt when there was no present intent to take possession of the referenced property. Defendants further violated the FDCPA, 15 U.S.C. § 1692f(6)(C) by threatening to take non-judicial action to affect dispossession of property when the property is exempt by law from such dispossession.

## COUNT II - INVASION OF THE RIGHT OF PRIVACY

35. Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate Paragraphs 1 through 34 as if fully set out herein.

36. The Defendants undertook a series of telephone calls and communications to the Plaintiffs constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiffs' right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiffs into paying a claim, debt, or indebtedness.

37. The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiffs would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendant, NCB, and persons and agents acting on behalf of Defendant, NCB, along with the individual Defendant, Harding, named herein.

38. Said communications constitute an unwarranted and wrongful intrusion into Plaintiffs' private activities as well as intentional intrusion into the Plaintiffs' solitude and seclusion.

39. The Defendants, NCB and Harding, have committed the acts complained of herein in the State of Alabama.

40. As a proximate consequence of the invasion of the right of Plaintiffs' privacy, the Defendants have caused the Plaintiffs to suffer wrongful intrusion into the Plaintiffs' private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41. Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate Paragraphs 1 through 40 as if fully set out herein.

42. As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiffs were caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendants, NCB and Harding, are a corporation, individual, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

43. As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiffs great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV - NEGLIGENT SUPERVISION

44. Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate paragraphs 1 through 43 as if fully set out herein.

45. As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendant, NCB's, action, constitutes negligent supervision and training of its personnel hired for the purpose of collecting debts.

46. The Defendant, NCB, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, NCB, in the exercise of due care must have had notice of such action.

WHEREFORE, Plaintiffs, Bradley and Laurie Thomas, respectfully this Honorable Court enter judgment against the Defendants, NCB Management Services, Inc. and John Harding, individually, for the following:

a) Actual damages;

b) Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

c) Punitive damages;

d) Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

e) For such other relief that is just.

    Respectfully submitted,

    ESPY, METCALF & POSTON, P.C.

    _____
    David G. Roston
    Attorney for Plaintiff
    Post Office Drawer 6504
    Dothan, Alabama  36302
    334-793-6288
    E-mail address lt@emppc.com