IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY THOMAS, & <br> LAURIE THOMAS <br><br> Plaintiff, <br><br> v. <br><br> NCB MANAGEMENT SERVICES, <br> INC., & JOHN HARDING, <br> INDIVIDUALLY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | CV1.06CV 165.DRB |

## ANSWER

COMES NOW, Defendant, NCB MANAGEMENT SERVICES INC., in the above-styled cause of action, by and through its undersigned counsel of record, and for Answer to the Plaintiffs' Complaint sets down the following, separately and severally, to wit:

1. Plaintiffs' Complaint fails to state a claim against this Defendant upon which relief can be granted.

2. This Defendant denies each and every allegation contained in the Plaintiffs' Complaint and demands strict proof thereof.

3. This Defendant denies the nature and extent of the Plaintiffs' alleged injuries and damages as set forth in the Complaint and demands strict proof

thereof.

4. This Defendant denies violating the Fair Debt Collection Practices Act as set forth in Count I of the Plaintiffs' Complaint and demands strict proof thereof.

5. This Defendant denies they invaded the Plaintiffs' right of privacy as set forth in Count II of the Plaintiffs' Complaint and demands strict proof thereof.

6. This Defendant denies the allegations of intentional infliction of emotional distress as set forth in Count III of the Plaintiffs' Complaint and demands strict proof thereof.

7. This Defendant denies the allegations of negligent supervision as set forth in Count IV of the Plaintiffs' Complaint and demands strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Defendant avers that the Plaintiffs were guilty of negligence on the occasion complained of and further that Plaintiffs' own negligence proximately caused or proximately contributed to cause their alleged injuries and damages.

### SECOND AFFIRMATIVE DEFENSE

The award of punitive damages as claimed by the Plaintiff violates the Fourth, Fifth, Sixth, Eighth and Fourteenth Amendments of the Constitution of the United States and Article I, Section 7, of the Constitution of Alabama on the

following separate and several grounds.

    A.     The procedures may result in the award of joint and several judgments against multiple defendants for different alleged acts of wrongdoing.

    B.     The procedures fail to provide means for awarding separate judgments against alleged joint tortfeasors.

    C.     The procedures fail to provide a limit on the amount of award against this Defendant.

    D.     The procedures fail to provide specific standards for the award of punitive damages.

    E.     The procedures fail to provide specific standards for the amount of the award of punitive damages.

    F.     The procedures permit the award of punitive damages upon satisfaction of a reduced standard of proof.

    G.     The procedures permit multiple awards of punitive damages for the same alleged act.

    H.     The procedures fail to provide a clear, consistent appellate standard of review of an award of punitive damages.

    I.     The procedures permit the admission of evidence relative to punitive damages in the same proceedings during which liability and

    compensatory damages are determined.

J. The award of punitive damages violates the Excessive Fines Clauses of the Eighth Amendment.

K. The award of punitive damages against this Defendant would violate the prohibition against laws that impair the obligations of contracts in violation of Article I, Section 22, of the Constitution of the State of Alabama.

L. The award of punitive damages against a principal for the representations or other misconduct of an agent violates the Due Process Clause of the Fourteenth Amendment and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

M. The award of punitive damages for a misrepresentation made without actual knowledge of its falsity violates the Due Process Clause of the Fourteenth Amendment.

N. The award of punitive damages for a misrepresentation made without actual intent to deceive and injure violates the Duel Process Clause of the Fourteenth Amendment.

O. The award of punitive damages for mental distress or mental anguish in a fraud action without proof that this Defendant directly caused

      physical injury to the body of the Plaintiff violates the Due Process Clause of the Fourteenth Amendment.

P.    The imposition of punitive damages for the evil intent of another, who was acting in an unauthorized and unratified manner, violates the Due Process Clause of the Fourteenth Amendment and the Equal Protection Clause of the same amendment.

Q.    The award of punitive damages under Alabama law against a person or legal entity for the wrongdoing of another person violates the Due Process Clause of the Fourteenth Amendment.

R.    The award of punitive damages against a civil defendant without providing to that Defendant all of the protections guaranteed to a person accused of a crime violates the Due Process Clause of the Fourteenth Amendment and the requirements of the Fifth and Sixth Amendments.

S.    The existing Alabama practice which allows the award of punitive damages against multiple defendants without an apportionment of damages based upon the culpability of each defendant deprives the defendants of procedural and substantive due process of law under the Due Process Clause of the Fourteenth Amendment, deprives the Defendant of equal protection of law guaranteed under the

Fourteenth Amendment, and violates the provisions of Article I of the Alabama Constitution of 1901.

T.  *Alabama Code* § 6-11-21 bars the Plaintiff's claims for punitive damages to the extent they exceed the specified $250,000 limit which has been established by the Alabama Legislature as the outer limit of reasonableness for any award of punitive damages as a matter of the public policy and the maximum amount that is allowable to accomplish society's goals of punishment and deterrence. The Alabama Supreme Court's action in previously striking down this legislative mandate was beyond the scope of its authority and violated the Separation of Powers Clause of the United States Constitution and/or the Alabama Constitution; therefore, the action was constitutionally without effect. Allowing an award in excess of this legislative cap to the Plaintiffs directly contravenes the express public policy of the State of Alabama.

U.  This Defendant asserts that as a matter of State law, they are entitled to the benefits of the amendments to *Alabama Code*, § 6-11-21 approved by the Governor of Alabama on or about June 7, 1999, and effective on or about August 6, 1999.

V.  This Defendant pleads all substantive and procedural limitations

imposed on the award of punitive damages under the United States Constitution as annunciated in *BMW of North America, Inc. v. Gore,* 517 U.S. 559 (1996).

### THIRD AFFIRMATIVE DEFENSE

This Defendant asserts all Affirmative Defenses allowed under Federal Rules of Civil Procedure 8(c).

### FOURTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert any additional Affirmative Defenses which may become available during the course

Respectfully submitted,

/s/ Jeffrey L. Luther
JEFFREY L. LUTHER (LUTHJ0532)
MICHAEL P. BARRATT (BARRM3920)
Attorneys for NCB Management Services, Inc.

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:   (251) 433-8088
FX:   (251) 433-8011

Thomas v. NCB Management
CV-1:06CV 165.DRB
LOR File No.: 06-060-JLL-ggd
Page 7 of 8

## CERTIFICATE OF SERVICE

I hereby certify that I have this 22nd day of March, 2006, served a copy of the foregoing upon counsel to all parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid.

David G. Poston, Esquire
Espy, Metcalf & Poston, P.C.
P. O. Drawer 6504
Dothan, Alabama 36302

                                          /s/ *Jeffrey L. Luther*
                                          OF COUNSEL