**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| BRADLEY THOMAS, & | ) | |
| LAURIE THOMAS | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:2006-CV-165-MEF-DRB |
| | ) | |
| NCB MANAGEMENT SERVICES, | ) | |
| INC., & JOHN HARDING, | ) | |
| INDIVIDUALLY | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO COMPEL SITE INSPECTION

COMES NOW, NCB MANAGEMENT SERVICES, INC. ("NCB") and JOHN HARDING, the Defendants in the above-styled cause of action, by and through their undersigned counsel, and hereby file this response to the Plaintiffs' Motion to Compel the Defendants to allow a site inspection.

1. This lawsuit arises out of the Plaintiffs' allegations that the Defendants violated the fair debt collection practices set forth in 15 U.S.C. §1692 *et seq.* Specifically, all allegations contained in the Plaintiffs' Complaint arise out of telephone contact made by representatives of NCB in an attempt to collect a debt owed by the Plaintiffs. (See Plaintiff's Complaint attached hereto as Exhibit

'A').

2.    On February 13, 2007, counsel for the Plaintiffs advised defense counsel that he desired to "do a site visit and tour the NCB facilities." (See February 13, 2007 letter attached hereto as Exhibit 'B'). On February 14, 2007, defense counsel responded and inquired as to the authority that would allow a site inspection. (See February 14, 2007 letter attached hereto as Exhibit 'C'). Plaintiffs' counsel again wrote defense counsel on February 19, 2007 with regard to the site inspection. (See February 19, 2007 letter attached hereto as Exhibit 'D'). On February 22, 2007, defense counsel responded and inquired as to the relevancy of a site inspection in a fair debt collection practices case. (See February 22, 2007 letter attached hereto as Exhibit 'E'). On April 17, 2007 and April 18, 2007, counsel for the Plaintiffs and Defendants exchanged e-mail whereby defense counsel advised Plaintiffs' counsel of his opinion that a site visit had no relevance to the issues in this case. (See April 2007 email printout attached hereto as Exhibit 'F').

3.    On or about March 17, 2007, Plaintiffs' counsel filed a Notice of Site Inspection to take place on April 24, 2007 at "NCB Headquarters in Pennsylvania and other company locations where collectors for the company are working." (See Notice of Site Inspection attached hereto as Exhibit 'G'). The notice specifically states, in relevant part:

counsel for the Plaintiffs, Bradley Thomas and Laurie Thomas will do a site inspection pursuant to the *Federal Rules of Civil Procedure* 34 at the above time, date and location to review, inspect and observe the physical premises of the company and the areas of the company where: (1) collectors work or are working, (2) it maintains executive offices, (3) computer operations are centralized or networked from, (4) telephone systems are centralized, (5) collection systems are used, and (6) all areas where John Harding has worked or is working at the company.

(See Notice of Site Inspection attached hereto as Exhibit 'G').

4.    While Rule 34 of the *Federal Rules of Civil Procedure* does provide a party with the authority to conduct a site inspection, the Rule specifically states that such a request for discovery must be "within the scope of Rule 26(b). *See* Fed. R. Civ. R. 34(a). Rule 26(b) of the *Federal Rules of Civil Procedure*, of course, provides that a party may only seek discovery of matters that are relevant to the claims or defenses at issue. *See* Fed. R. Civ. P. 26(b).

5.    As stated above, this case arises out of the Plaintiffs' allegations that the Defendants violated the Fair Debt Collection Practices Act. As such, the physical locations of which counsel for the Plaintiffs seek to inspect have no relevance whatsoever to the alleged actions of the Defendants.

6.    The Plaintiffs' Motion to Compel is due to be denied not only because of the lack of relevancy of a site visit, but also because the Plaintiffs' request is overly broad, unduly burdensome, will result in unnecessary inconvenience to the Defendants and their ability to perform their work, and appears to be a mere

fishing expedition by Plaintiffs' counsel.

WHEREFORE, the foregoing premises considered, the Defendants respectfully request that this Honorable Court deny the Plaintiff's Motion to Compel the Defendants to allow the site inspection.

Respectfully submitted,

JEFFREY L. LUTHER (LUTHJ0532)
D. TRICE STABLER (STABD3501)
Attorneys for NCB Management Services, Inc.
and John Harding

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:    (251) 433-8088
FX:    (251) 433-8011

## CERTIFICATE OF SERVICE

I hereby certify that I have this _4th_ day of May 2007, served a copy of the foregoing upon counsel to all parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid.

David G. Poston, Esquire
Brock and Stout
P. O. Drawer 311167
Enterprise, AL 36331-1167
(334) 671-5555
(334) 671-2689 (Fax)

Gerald A. Templeton, Esq.
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, AL 35244
(205) 980-8828
(205) 980-8848

OF COUNSEL



IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED

7th FEB 23 A 9:58

BRADLEY THOMAS, &
LAURIE THOMAS,

    PLAINTIFFS,

vs.

NCB MANAGEMENT SERVICES, INC, &
JOHN HARDING, INDIVIDUALLY,

    DEFENDANTS.

)
)
)
)
)
)
)
)
)
)

CASE #: 1:06cv165.DRB

JURY DEMAND

## COMPLAINT

### I. INTRODUCTION

1.    This is a Complaint for damages for actual, statutory, and punitive damages brought by the Plaintiffs, Bradley and Laurie Thomas against the Defendants, NCB Management Services, Inc. and John Harding, individually, for Defendants' violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq (hereinafter, "FDCPA"); the Defendants' invasion of the Plaintiffs' right of privacy; the Defendants' intentional infliction of emotional distress; and the Defendant's, NCB Management Services, Inc.'s, negligent supervision.

### II. JURISDICTION AND VENUE

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. § 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

3.    Venue in this district is proper in that the Defendants regularly transact business here and the conduct complained of occurred here.

### III. PARTIES

4.    Plaintiff, Bradley Thomas (hereinafter, "Mr. Thomas" or collectively known as "Mr. and Mrs. Thomas"), is a natural person residing in Houston County, Alabama.

**Page 1 of 8**



EXHIBIT
A

5.  Plaintiff, Laurie Thomas (hereinafter, "Mrs. Thomas" or collectively known as "Mr. and Mrs. Thomas"),
    is a natural person residing in Houston County, Alabama.

6.  Defendant, NCB Management Services, Inc. (hereinafter, "NCB") is a Pennsylvania corporation
    engaged in the collection of debts from consumers using the mail and telephone. The Defendant, NCB,
    regularly attempts to collect consumer debts alleged to be due another.  Defendant, NCB, is a debt
    collector as defined by the FDCPA pursuant to 15 U.S.C. § 1692a(6). The Defendant's principal place
    of business is located at Three Neshaminy Interplex, Suite 206, Trevose, Pennsylvania 19053.

7.  Defendant, John Harding (hereinafter, "Harding"), is an individual engaged in the collection of debts
    from consumers using the mail and telephone.  The Defendant regularly attempts to collect debts
    alleged to be due another.  Defendant is a debt collector as defined by the FDCPA pursuant to 15
    U.S.C. § 1692a(6).  The Defendant's place of residence is unknown and will be determined during
    discovery.

8.  The alleged debt was for personal, family, or household purposes.

## IV. FACTUAL ALLEGATIONS

9.  On or about the week of November 6, 2005, the Defendants undertook a series of telephone calls
    directed to the Plaintiffs.

10. On or about the week of November 6, 2005, the Defendants telephoned the Plaintiffs approximately
    two (2) to three (3) times per day.

11. Because of the sheer volume of telephone calls, the Plaintiffs were forced to change their home
    telephone number.

12. On or about December 16, 2005, Defendant, Harding, while employed as a collector for Defendant,
    NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment.  During the course of this
    conversation, Plaintiff informed the Defendant, Harding, to cease any further contact with her at her

**Page 2 of 8**

place of employment. During the course of this conversation, Defendants advised Plaintiff, Mrs. Thomas, of their intent to garnish Plaintiff's, Mr. Thomas', wages.

13. On or about December 16, 2005, Defendant Harding, while employed as a collector for Defendant, NCB, contacted Ray Kynerd (hereinafter, "Kynerd"), a co-worker of Plaintiff, Mr. Thomas, and requested the Plaintiffs' home telephone number or cellular telephone number. Co-worker, Kynerd, summoned Plaintiff, Mr. Thomas, to the telephone to speak with Defendant Harding.

14. On or about December 16, 2005, during the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant accused Plaintiff, Mrs. Thomas, of lying and hiding the debt from Plaintiff, Mr. Thomas.

15. On or about December 16, 2005, during the course of the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant provided a non-existent deadline of December 16, 2005 to pay the indebtedness.

16. On or about December 16, 2005, during the course of the telephone conversation between Defendant Harding, and Plaintiff, Mr. Thomas, Defendant was advised not to telephone Plaintiff's, Mr. Thomas', place of employment. Defendant Harding, threatened to garnish Plaintiff's, Mr. Thomas', wages.

17. On or about December 19, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, telephoned Plaintiff, Mrs. Thomas, at her place of employment and left a voice mail advising that she (Mrs. Thomas) must set up payment arrangements by 6:00pm on December 19, 2005.

18. On or about December 20, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment, and once again threatened garnishment. During this conversation, Defendant Harding, also threatened to contact Plaintiff's, Mr. Thomas', payroll department. During the course of this conversation, Defendant Harding, also advised Plaintiffs to enjoy their house while they still had it.

**Page 3 of 8**

19.    On or about December 20, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Joey Lovern (hereinafter, "Lovern"), Plaintiff's, Mr. Thomas', co-worker, to speak with Plaintiff, Mr. Thomas, regarding the importance of contacting Defendant Harding.  Co-worker Lovern was so concerned by his conversation, that he contacted Plaintiff's, Mr. Thomas', foreman to relay the information pertaining to Defendant Harding.  In turn, Plaintiff's, Mr. Thomas', foreman contacted him (Mr. Thomas) at home, to pass along Defendant's, Harding's, name and telephone number.

20.    On or about December 20, 2005, Plaintiff, Mr. Thomas, Left a voice mail message on Defendant's, Harding's, telephone advising him not to call either Plaintiff (Mr. and Mrs. Thomas) at their place of employment.

21.    On or about December 21, 2005, Defendant Harding, while employed as a collector by Defendant, NCB, contacted Plaintiff, Mrs. Thomas, at her place of employment requesting payment of an alleged indebtedness.

**COUNT I - VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT.**

22.    Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate paragraphs 1 through 21 as if fully set out herein.

23.    Defendants violated the FDCPA, 15 U.S.C. § 1692b by communicating with a third party, other than the consumer, for purposes other than acquiring location information about the consumer.

24.    Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(1) by communicating with the Plaintiffs at an unusual time and place known to be inconvenient to the Plaintiffs.

25.    Defendants violated the FDCPA, 15 U.S.C. § 1692c(a)(3) by communicating with the Plaintiffs at their place of employment when the Defendants knew that the consumer's employer prohibited such contact at their place of employment.

26.    Defendants violated the FDCPA, 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress, or abuse the Plaintiffs in connection with the collection of a debt.

03/20/06 11:16:34       RightFax->       Rig    ax       Page 009

Mar-15-2006  03:11pm    From-LMK INC                    2153570610         T-868   P 018/021   F-979
Mar-15-06 11:27A NCB    S&A

27.  Defendants violated the FDCPA, 15 U.S.C. § 1692d(5) by causing the Plaintiffs' telephone to ring repeatedly or continuously with the intent to annoy, harass, or abuse the Plaintiffs at the called numbers.

28.  Defendants violated the FDCPA, 15 U.S.C. § 1692e by using false, deceptive, or misleading representations or means in connection with collection of an alleged debt.

29.  Defendants violated the FDCPA, 15 U.S.C. § 1692e(2) by falsely representing the legal status of an alleged debt.

30.  Defendants violated the FDCPA, 15 U.S.C. § 1692e(4) by representing or implying that the nonpayment of any debt will result in the seizure, garnishment, attachment, or sale of any property or wages of the Plaintiffs when such action is not lawful and where the Defendants did not intend to take such action.

31.  Defendants violated the FDCPA, 15 U.S.C. § 1692e(5) by threatening to take action which could not legally be taken nor which was intended to be taken.

32.  Defendants violated the FDCPA, 15 U.S.C. § 1692e(10) by using false representations or deceptive means in an attempt to collect an alleged debt. The Defendants further violated the FDCPA, 15 U.S.C. § 1692e(10) by using false representation or deceptive means to obtain information concerning the Plaintiff, Mr. Thomas.

33.  Defendants violated the FDCPA, 15 U.S.C. § 1692f by using unfair or unconscionable means to attempt to collect an alleged debt.

34.  Defendants violated the FDCPA, 15 U.S.C. § 1692f(6)(B) by threatening to take non-judicial action to collect an alleged debt when there was no present intent to take possession of the referenced property. Defendants further violated the FDCPA, 15 U.S.C. § 1692f(6)(C) by threatening to take non-judicial action to affect dispossession of property when the property is exempt by law from such dispossession.

## COUNT II - INVASION OF THE RIGHT OF PRIVACY

35.   Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate Paragraphs 1 through 34 as if fully set out herein.

36.   The Defendants undertook a series of telephone calls and communications to the Plaintiffs constituting invasions of privacy and an invasion of the right of privacy of the Alabama Plaintiff, as set out and described in the common law of the State of Alabama. Said communications were harassing, unreasonable, systematic, continuous in number, and were made in disregard for Plaintiffs' right to privacy. Said communications were made to threaten, to force, coerce, harass, frighten, embarrass, and humiliate the Plaintiffs into paying a claim, debt, or indebtedness.

37.   The invasions of the right of privacy were intentional, willful, and malicious, and violated the Plaintiffs' privacy. The Plaintiffs would prove that the telephone calls and communications were made by various individuals including, but not limited to, the named Defendants and other individuals who held themselves out to be collectors and employees of Defendant, NCB, and persons and agents acting on behalf of Defendant, NCB, along with the individual Defendant, Harding, named herein.

38.   Said communications constitute an unwarranted and wrongful intrusion into Plaintiffs' private activities as well as intentional intrusion into the Plaintiffs' solitude and seclusion.

39.   The Defendants, NCB and Harding, have committed the acts complained of herein in the State of Alabama.

40.   As a proximate consequence of the invasion of the right of Plaintiffs' privacy, the Defendants have caused the Plaintiffs to suffer wrongful intrusion into the Plaintiffs' private activities, great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and/or mental suffering, pain, anguish, and fright.

## COUNT III - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

41.    Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate Paragraphs 1 through 40 as if fully set out herein.

42.    As a proximate consequence and result of the invasion of the right of privacy as delineated in Count II and as a result of making the telephone calls and threats, the Defendants' actions were an intentional infliction of emotional distress, willful and intentionally undertaken, knowing that the same were designed to abuse and coerce and create great mental and physical pain and damage. The Plaintiffs were caused great mental anguish, physical anguish, great inconvenience, chagrin, caused to be embarrassed, caused to be made physically sick, caused great loss of sleep, caused to be made ill, weak and sick, and caused to suffer great fear, fright, and intimidation. The Defendants, NCB and Harding, are a corporation, individual, or individuals employed by the corporation and have committed the acts complained of herein in the State of Alabama.

43.    As a proximate consequence of the Defendants' intentional infliction of emotional distress, the Defendants have caused the Plaintiffs great worry, shame, humiliation, loss of sleep, anxiety, nervousness, sickness, physical and mental suffering, pain, anguish and fright.

## COUNT IV - NEGLIGENT SUPERVISION

44.    Plaintiffs, Mr. and Mrs. Thomas, adopt and incorporate paragraphs 1 through 43 as if fully set out herein.

45.    As a proximate consequence and result of the invasion of privacy and the intentional infliction of emotional distress, as delineated in Counts II and III, the Defendant, NCB's, action, constitutes negligent supervision and training of its personnel hired for the purpose of collecting debts.

46.    The Defendant, NCB, had notice or knowledge, either actual or presumed, of its servants' incompetency or unfitness. Further, the specific acts of incompetency were of such nature, character, and frequency that Defendant, NCB, in the exercise of due care must have had notice of such action.

**Page 7 of 8**

WHEREFORE, Plaintiffs, Bradley and Laurie Thomas, respectfully this Honorable Court enter judgment

against the Defendants, NCB Management Services, Inc. and John Harding, individually, for the following:

    a)    Actual damages;

    b)    Maximum statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k;

    c)    Punitive damages;

    d)    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k; and,

    e)    For such other relief that is just.

Respectfully submitted,

ESPY, METCALF & POSTON, P.C.

David G. Poston
Attorney for Plaintiff
Post Office Drawer 6504
Dothan, Alabama 36302
334-793-6288
E-mail address lr@emppc.com

RECEIVED
FEB 1 6 2007
RECEIVED

THE TEMPLETON GROUP, P.C.

ATTORNEYS AT LAW

1000 PROVIDENCE PARK, SUITE 200
BIRMINGHAM, ALABAMA 35242

GERALD A. TEMPLETON

OF COUNSEL:
D. WILLIAM ROOKS
LYNN H. SCHUCK

TELEPHONE (205) 408-0048
FACSIMILE (205) 408-0041
WRITER'S DIRECT LINE:

**205 980 8828**

WEB ADDRESS:
ttgpc.com or aladebt.com
E-MAIL:
jerry@ttgpc.com

February 13, 2007

**VIA U.S. Mail and Facsimile**
Jeffery L. Luther, Esq.
Michael P. Barratt, Esq.
Luther, Oldenburg & Rainey, P.C.
PO Box 1003
Mobile, AL 36633

    *RE:* **Thomas v NCB Management and John Harding**
      **In the U.S. Dist. Court for the Middle Dist of Alabama**
      **2006-CV-165-MEF-DRB**
    **My File:  Brad and Laurie Thomas Litigation**

Dear Jeff and Michael:

  Your client's discovery is seriously overdue.  Please provide all requested discovery this week.

  I need dates for depositions of John Harding and a Corp Rep for NCB during the middle part of March.  I want to try and save file expenses by buying a discounted airplane ticket. I will send the deposition notices without a date certain, later this week.

  Also, during the trip, I want to do a site visit and tour the NCB facilities.  If there is a problem with this, please let me know so I can file something with the court.

  Should you have any questions, please do not hesitate to contact me.

      Kindest personal regards,

      Gerald A. Templeton, Esq.

Cc: David Poston, Esq.

GAT/ta

**EXHIBIT
B**

# LUTHER, OLDENBURG & RAINEY, P.C.

### LAWYERS

JEFFREY L. LUTHER
RUDENE CROWE OLDENBURG
L. BRATTON RAINEY, III
JOHN R. NIX
DANNY J. COLLIER, JR.
LUCIAN B. HODGES *
AMANDA P. RICKMAN
D. TRICE STABLER
MICHAEL P. BARRATT
RYAN P. HOLLOWAY
MARK A. DOWDY
BRIGG H. AUSTIN
HENRY R. SEAWELL, IV

RIVERVIEW PLAZA
SUITE 1000
63 SOUTH ROYAL STREET
MOBILE, ALABAMA 36602

MAILING ADDRESS:
POST OFFICE BOX 1003
MOBILE, ALABAMA 36633
TELEPHONE: (251) 433-8088
FACSIMILE: (251) 433-8011

February 14, 2007

\* ALSO ADMITTED IN FLORIDA AND MISSISSIPPI

Gerald A. Templeton, Esquire
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, Alabama 35244

RE:  **Insured:**      **NCB Management Services, Inc.**
      **Claimant:**     **Bradley & Laurie Thomas**
      **Our File No.:**  **06-060-JLL**

Dear Mr. Templeton:

I received your letter of February 13, 2007, regarding your request for the depositions of John Harding, and the 30(b)(6) representative of NCB Management Services, Inc.

As I advised you at the depositions of your clients last week, please forward me an open notice designating areas of inquiry you wish to make so I can determine who the appropriate individual(s) are who will testify for the corporation, as well as, determine whether we can bring them to Alabama or whether we will need to go to Pennsylvania.

You also make reference in your letter that you wish to make an on-site inspection or tour of my client's facilities. I am not aware of any authority which would allow you to do this. If you would be so kind as to provide me with citations to any authority which allows this, please do so in order for me to consider and advise my client appropriately on responding to your request, and potentially avoiding court intervention on this issue.

Very truly yours,

LUTHER, OLDENBURG & RAINEY, P.C.

Jeffrey L. Luther

JLL/ggd
cc:  Michael P. Barratt, Esq.

EXHIBIT

C

Gerald A. Templeton, Esquire
February 13, 2007
Page 2

---

bcc:   Richard Silver
       John Harding

## THE TEMPLETON GROUP, P.C.

ATTORNEYS AT LAW

1000 PROVIDENCE PARK, SUITE 200

BIRMINGHAM, ALABAMA 35242

**GERALD A. TEMPLETON**

OF COUNSEL:
D. WILLIAM ROOKS
LYNN H. SCHUCK

TELEPHONE (205) 408-0048
FACSIMILE (205) 408-0041
WRITER'S DIRECT LINE:

**205 980 8828**

WEB ADDRESS:
ttgpc.com or aladebt.com
E-MAIL:
jerry@ttgpc.com

February 19, 2007

**VIA U.S. Mail and Facsimile**
Jeffery L. Luther, Esq.
Luther, Oldenburg & Rainey, P.C.
PO Box 1003
Mobile, AL 36633

> *RE:*   **Thomas v NCB Management and John Harding**
> **In the U.S. Dist. Court for the Middle Dist of Alabama**
> **2006-CV-165-MEF-DRB**
> **My File:  Brad and Laurie Thomas Litigation**

Dear Jeff,

Received your letter on the question of the site inspection and depositions.  Since this is a fee shifting case, did not want to charge you for legal research.  I think the request, given that I give you the particulars in a motion, is covered by F.R.C.P. 34(a)(2) and the new amendments thereto.

I should have deposition notices and site inspection motion out this week

Still have not received your client's discovery responses that were promised last week.

Should you have any questions, please do not hesitate to contact me.

Kindest personal regards,

Gerald A. Templeton, Esq.

Cc: David Poston, Esq.

GAT/ta



EXHIBIT

D

# LUTHER, OLDENBURG & RAINEY, P.C.

### LAWYERS

JEFFREY L. LUTHER
RUDENE CROWE OLDENBURG
L. BRATTON RAINEY, III
JOHN R. NIX
DANNY J. COLLIER, JR.
LUCIAN B. HODGES *
AMANDA P. RICKMAN
D. TRICE STABLER
MICHAEL P. BARRATT
RYAN P. HOLLOWAY
MARK A. DOWDY
BRIGG H. AUSTIN
HENRY R. SEAWELL, IV

RIVERVIEW PLAZA
SUITE 1000
63 SOUTH ROYAL STREET
MOBILE, ALABAMA 36602

MAILING ADDRESS:
POST OFFICE BOX 1003
MOBILE, ALABAMA 36633
TELEPHONE: (251) 433-8088
FACSIMILE: (251) 433-8011

\* ALSO ADMITTED IN FLORIDA AND MISSISSIPPI

February 22, 2007

Gerald A. Templeton, Esquire
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, Alabama 35244

**RE: Thomas vs. NCB Management Services, Inc.**
**Our File No.:    06-060-JLL**

Dear Mr. Templeton:

I write in response to your letter of February 19, 2007. This is a fair debt collection practices act case, not a personal injury case. I cannot imagine what relevance an inspection of my client's offices would have. If you can explain to me what relevance such an inspection can have on this case, then I will consider allowing it without the necessity of a Hearing after consultation with my client.

Also, I have listened to the digitized tape recording you sent us via e-mail, and they are 90% inaudible. Unless you have a better copy, I have little confidence in the accuracy of the transcript you provided. Please accept this as a formal request that you produce the original tape recording for me to hear.

Very truly yours,

LUTHER, OLDENBURG & RAINEY, P.C.

Jeffrey L. Luther

JLL/ggd
cc:    Michael P. Barratt, Esq.



Gerald A. Templeton, Esquire
February 22, 2007
Page 2

bcc:   Richard Silver
       John Harding

## Trice

| | |
|---|---|
| **From:** | Jeff |
| **Sent:** | Wednesday, April 18, 2007 11:06 AM |
| **To:** | 'jerry@ttgpc.com' |
| **Cc:** | Vicky; Trice |
| **Subject:** | RE: Thomas v NCB |

I thought your response to the court was fair and accurate. We did discuss settlement face to face. My client and I have a different view than you and your clients. A simple motion to compel entry upon land for inspection and my objection could be heard by the Magistrate over the phone or ruled upon without oral arguement as far as I'm concerned. I see no relevance to what my client's office looks like since this case is all about telephone contact to collect a debt. I understand Vicky has told you of my conflicts with the dates you provided. She will get with our client and get you new dates by the end of this week. Thanks for your cooperation.

> -----Original Message-----
> **From:** Jerry Templeton [mailto:jerry@ttgpc.com]
> **Sent:** Tuesday, April 17, 2007 11:25 PM
> **To:** 'Jeffrey L. Luther'; dtstabler@lor-lawyers.com
> **Subject:** Thomas v NCB.
>
> Jeff, I am traveling to Pittsburgh for Depos on Weds and return late Friday. Will try to call you again on this. As I recall, you and I discussed settlement potential at the Depos in Dothan of my clients. You guys had made an Offer of Judgment that was below the sum of damages, attys fees and expenses at the time.
>
> After the Depos, I really did not know how to settle the case until I knew what your folks were going to say about our allegations. If that is what you recall, please let me know. I will send the form in with apologies to the Court. I think that we both feel that this case is difficult to evaluate until we get through your client's depositions.
>
> If you want to reconsider your client's refusal on the site visit, please let me know. I do not think the Judge will like us wasting his time with this. I will go ahead and file something and seek costs and expenses for having to file it in the first place. But as always, would rather work it out without going that route when the Fed. Rule is clear.
>
> I have given several dates for Depositions. Please confirm at the earliest opportunity.
>
> Thanks Jerry.
>
>
>
> Gerald A. (Jerry) Templeton, Esq.
> Templeton Group, P.C.
> 1000 Providence Park, Suite 200
> Birmingham, Al 35242
> 205 980 8828 Direct Dial
> 205 980 8848 Facsimile
> jerry@ttgpc.com
>
>
> This email is covered by the Electronic Communications privacy Act, 18 U.S.C. 2510 and is legally privileged. This information is confidential information and is intended only for the use of

EXHIBIT
F
tabbies

the individual or entity named above. If you are not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication is strictly prohibited. If you received this message in error, please respond to the sender at once.

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

BRADLEY THOMAS, et al.,                          )
                                                 )
      Plaintiffs,                                )
                                                 )
vs.                                              )  CASE 1: 2006-CV-165-MEF-DRB
                                                 )
NCB MANAGEMENT SERVICES, INC.,                   )
JOHN HARDING, an Individual                      )
                                                 )
      Defendants                                 )

## NOTICE OF SITE INSPECTION

**Date:**      **April 24, 2007**

**Time:**      **3:30 P.M.**

**Location:**   **NCB Headquarters in Pennsylvania and other company locations where collectors for the company are working.**

      **PLEASE TAKE NOTICE,** that counsel for the Plaintiffs, Bradley Thomas and Laurie Thomas will do a site inspection pursuant to the Federal Rules of Civil Procedure 34 at the above time, date and location to review, inspect and observe the physical premises of the company and the areas of the company where: (1) collectors work or are working, (2) it maintains executive offices, (3) computer operations are centralized or networked from, (4) telephone systems are centralized, (5) collection systems are used, and (6) all areas where John Harding has worked or is working at the company.

      Counsel for Plaintiffs' agree not to make audio or video recordings of such areas reviewed, without the express permission of counsel for the Defendant or the Defendant. This site inspection

1



is authorized pursuant to the Federal Rules of Civil Procedure 34, without leave of court. The site

visit will occur as part of and in conjunction with the depositions that will be taken in this matter on

the succeeding dates and for purpose of discovery and for use as evidence in this action as permitted

under the Federal Rules of Civil Procedure.

Respectfully Submitted,

/s/ Gerald A. Templeton
Gerald A. Templeton
One of the Attorneys for Plaintiffs

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park, Suite 200
Birmingham, Alabama 35242
(205) 980-8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this the 17th day of March 2007, served via First-Class mail, postage
prepaid, a true and correct copy of the foregoing document to the following parties:

**Jeffery L. Luther** (LUTHJ0532)
**Michael P. Barratt** (BARRM3920)
Attorneys for NCB Management Services.
PO Box 1003
Mobile, AL 36633
(251) 433 8088
(251) 433 8011

**David G. Poston** (POS007)
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555
(334) 671 2689 Fax

/s/ Gerald A. Templeton
OF COUNSEL

2