# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY THOMAS, & <br> LAURIE THOMAS <br><br> Plaintiff, <br><br> v. <br><br> NCB MANAGEMENT SERVICES, <br> INC., & JOHN HARDING, <br> INDIVIDUALLY <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> )   1:2006-CV-165-MEF-DRB <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## DEFENDANTS' OBJECTION TO AND MOTION TO QUASH PLAINTIFFS' RULE 30(b)5 REQUEST FOR PRODUCTION OF DOCUMENTS

COMES NOW, NCB MANAGEMENT SERVICES, INC. and JOHN HARDING, the Defendants in the above styled cause of action, by and through their undersigned counsel of record, and hereby object to the Plaintiffs' Rule 30(b)5 Request for Production of Documents and move this Honorable Court to quash the Rule 30(b)5 requests. In support of this Motion, the Defendants set forth the following:

1.  On or about April 25, 2007, the Plaintiffs filed a Rule 30(b)5 and 30(b)6 Notice of Deposition of the corporate representative for NCB Management Services, Inc. This deposition is scheduled to take place on May 11, 2007 at the

NCB headquarters in Pennsylvania. The Plaintiffs' deposition notice contains requests for production of documents pursuant to Rule 30(b)5 of the *Federal Rules of Civil Procedure*. (See Notice of Deposition attached hereto as Exhibit "A").

2. The Plaintiffs' Rule 30(b)(5) requests are due to be quashed for the reasons set forth in the objections below. The Plaintiffs' specific requests and these Defendants' specific objections are as follows:

> 1. Any and all documents of any nature showing the relationship of the corporate representatives as to his employment or ownership of the companies, NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation.

> **OBJECTION:**
> **These Defendants object to this request on the grounds that the same is vague, unduly burdensome, overly broad, seeks documents that are irrelevant to the issues in this case, and is not likely to lead to the discovery of admissible evidence.**

> 2. Any and all documents, photographs, videos, drawings, diagrams, or any other information of any nature whatsoever that were considered or reviewed by the corporate representative in formulating opinions, factual testimony or conclusions reached on any of the plaintiffs' claims or answers to the complaint in this matter.

> **OBJECTION:**
> **These Defendants object to this request to the extent that the same seeks documents prepared in anticipation of litigation and protected by the Work-Product Doctrine and the attorney-client privilege.**

> 3. Any and all information, including electronic or written documents, notes, correspondence, memoranda, photographs, videos, diagrams, illustrations, governmental standards or regulations, articles, references or guidelines issued by any source,

that were relied upon by the corporate representative or used as a basis for deriving or formulating opinions, factual testimony or conclusions or allegations made in the answer to the complaint in this matter or the testimony at the deposition.

**OBJECTION:**
**These Defendants object to this request to the extent that the same seeks documents prepared in anticipation of litigation and protected by the Work-Product Doctrine and the attorney-client privilege.**

4. Copies of all documents showing, explaining or documenting the creation, formation and legal entity status of NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation, from inception to date, including the originals of the articles, bylaws, stock certificates or stock transfer ledger and minutes.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same as vague, ambiguous, overly broad, unduly burdensome, oppressive, seeks documents that are irrelevant and immaterial to the issues in this case, and is not likely to lead to the discovery of admissible evidence.**

5. Copy of the complete corporate tax returns, both Federal and State, for NCB Management Services, Inc., NCB Capital, Inc. and National American Credit Corporation for the last 3 years of 2004, 2005 and 2006. Also include copies of documents filed with the Alabama Department of Revenue for NCB Management Services, Inc. to qualify it to do business in the state of Alabama.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same is overly broad, unduly burdensome, seeks documents that are confidential and proprietary in nature, seeks documents that are irrelevant and immaterial to the issues in this case, and is not likely to lead to the discovery of admissible evidence.**

6. All the documents reviewed by the corporate representative in preparation for the testimony or which the representative may use at the trial of this case.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same is vague, overly broad, unduly burdensome, and seeks documents that were prepared in anticipation of litigation and are protected by the Work Product Doctrine and attorney-client privilege.**

7. The original of the personnel file of John Harding, including information on all employment reprimands, promotions, job duty change or investigation of any complaints against him.

**OBJECTION:**
**This Defendant objects to this request to the extent that the same is overly broad and to the extent that the same seeks documents that are irrelevant and immaterial to the issues in this case. A copy of John Harding's personnel file has previously been produced in response to the Plaintiffs' first request for production of documents to the Defendants.**

8. The original of all documents assigning the debt of Bradley and Laurie Thomas for collection by NCB Management Services, NCB Capital, Inc. or National American Credit Corporation. Include the originals of all documents which the company contends gave or provided them the legal right to attempt the collection of the debt from Bradley and Laurie Thomas.

**OBJECTION:**
**This Defendant objects to this request on the grounds that the same is vague, ambiguous, overly broad, and seeks documents that are confidential and proprietary in nature. Documents responsive to this request were produced in response to Plaintiffs' first request for production of documents to the Defendants.**

9. All documents or agreements that identify or explain the legal relationship between NCB Management Services and

Household Finance or HSBC Bank.

**OBJECTION:**
**This Defendant objects to this request on the grounds that the same is vague, overly broad, seeks documents that are irrelevant and immaterial to the issues in this case, seeks documents that are confidential and proprietary in nature, and is not likely to lead to the discovery of admissible evidence.**

10. Originals of all policy and procedure manuals or department manuals used by NCB Management Services, Inc. from 2002 to present, or account collections; pulling or reporting to any CRA; and training on FDCPA laws.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same is overly broad, unduly burdensome, vague, and to the extent that the same seeks information that is irrelevant and immaterial to the issues in this case. The Defendants have already produced copies of the documents requested.**

11. All forms used to pull credit reports or report changes to the credit reports of debtors.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same is vague, ambiguous, overly broad, and seeks documents that are irrelevant and immaterial to the issues in this case.**

12. Original account file maintained by defendant on Bradley and Laurie Thomas.

**OBJECTION:**
**These Defendants object to this request on the grounds that the same is vague, overly broad, ambiguous, and seeks documents that are confidential and proprietary in nature.**

3. The Plaintiff has previously submitted Request for Production of

Documents to both Co-Defendant, NCB Management Services, Inc., and Co-Defendant, John Harding. In response to the Request for Production of Documents, NCB Management Services, Inc. produced hundreds of pages of documents bates labeled NCB0001 - NCB0274 and John Harding produced documents bates labeled JH0001 - JH0103.

WHEREFORE, the foregoing premise is considered, the Defendants respectfully request that this Honorable Court quash the Plaintiffs' 30(b)5 Request for Production of Documents.

Respectfully submitted,

_____
JEFFREY L. LUTHER (LUTHJ0532)
D. TRICE STABLER (STABD3501)
Attorneys for NCB Management Services, Inc.
and John Harding

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:   (251) 433-8088
FX:   (251) 433-8011

## CERTIFICATE OF SERVICE

I hereby certify that I have this 4th day of May 2007, served a copy of the foregoing upon counsel to all parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid.

David G. Poston, Esquire
Brock and Stout
P. O. Drawer 311167
Enterprise, AL 36331-1167
(334) 671-5555
(334) 671-2689 (Fax)

Gerald A. Templeton, Esq.
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, AL 35244
(205) 980-8828
(205) 980-8848

_____
OF COUNSEL

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| BRADLEY THOMAS, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) CASE 1: 2006-CV-165-MEF-DRB ) |
| NCB MANAGEMENT SERVICES, INC., JOHN HARDING, an Individual | ) ) ) ) |
| Defendant. | ) |

### RULE 30(b)(5) and 30(b)(6) NOTICE OF DEPOSITION

**Deponent:** Corporate Representative for NCB Management Services, Inc.

**Date:** May 11, 2007

**Time:** 11:00 A.M. (Upon the conclusion of the Deposition of John Harding)

**Location:** NCB Headquarters in Pennsylvania or other agreed upon location.

PLEASE TAKE NOTICE, that counsel for the Plaintiffs, Bradley Thomas and Laurie Thomas will take the deposition of the deponent named above at the time, date and location indicated above, pursuant to Rule 30 of the Federal Rules of Civil Procedure, upon oral examination before a court reporter or other person lawfully authorized to administer oaths. The deposition will be taken for the purpose of discovery, for use as evidence in this action, and for such other purpose as permitted under the Federal Rules of Civil Procedure. Documents are requested for production at the deposition pursuant to F.R.C.P. 30(b)(5) and Rule 34. Plaintiff requests that the corporate representative produce, at the time of the deposition, the following documents or things for inspection and copying:


EXHIBIT A

1. Any and all documents of any nature showing the relationship of the corporate representative as to his employment or ownership of the companies, NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation.

2. Any and all documents, photographs, videos, drawings, diagrams, or any other information of any nature whatsoever that were considered or reviewed by the corporate representative in formulating opinions, factual testimony or conclusions reached on any of the plaintiffs' claims or answers to the complaint in this matter.

3. Any and all information, including electronic or written documents, notes, correspondence, memoranda, photographs, videos, diagrams, illustrations, governmental standards or regulations, articles, references or guidelines issued by any source, that were relied upon by the corporate representative or used as a basis for deriving or formulating opinions, factual testimony or conclusions or allegations made in the answer to the complaint in this matter or the testimony at the deposition.

4. Copies of all documents showing, explaining or documenting the creation, formation and legal entity status of NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation, from inception to date, including the originals of the articles, bylaws, stock certificates or stock transfer ledger and minutes.

5. Copy of the complete corporate tax returns, both Federal and State, for NCB Management Services, Inc., NCB Capital, Inc. and National American Credit Corporation for the last 3 years of 2004, 2005 and 2006. Also include copies of documents filed with the Alabama Department of Revenue for NCB Management Services, Inc. to qualify it to do business in the state of Alabama.

6. All the documents reviewed by the corporate representative in preparation for the testimony or which the representative may use at the trial of this case.

7. The original of the personnel file of John Harding, including information on all employment reprimands, promotions, job duty change or investigation of any complaints against him.

8. The original of all documents assigning the debt of Bradley and Laurie Thomas for collection by NCB Management Services, NCB Capital, Inc. or National American Credit Corporation. Include the originals of all documents which the company contends gave or provided them the legal right to attempt the collection of the debt from Bradley and Laurie Thomas.

9. All documents or agreements that identify or explain the legal relationship between NCB Management Services and Household Finance or HSBC Bank.

10. Originals of all policy and procedure manuals or department manuals used by NCB Management Services, Inc. from 2002 to present, or account collections; pulling or reporting to any CRA; and training on FDCPA laws.

11. All forms used to pull credit reports or report changes to the credit reports of debtors.

12. Original account file maintained by defendant on Bradley and Laurie Thomas.

The Defendant Corporation is requested to designate a representative for each of the following areas:

1. Corporate formation and existence of NCB Management Services, Inc, NCB Capital, Inc. and National American Credit Corporation and the relationship between the companies, if any.

2. Operations and business results NCB Management Services, Inc., NCB Capital, Inc. and National American Credit Corporation.

3. Annual Financial Statements for the year ended 12/31/2006 if the Tax Returns for the period are not completed.

4. Testimony or documents that form the basis and particulars of the following:

   a. all responses and affirmative defenses in answers to the complaint in this matter;

   b. actions taken to collect the debt from Bradley and Laurie Thomas;

3

    c. actions taken to train John Harding on collection techniques;

    d. actions taken to train collectors of the company on FDCPA requirements;

    e. actions taken to train collectors of the company on FCRA requirements of the company;

    f. actions by collectors and training of them, on how and when to pull credit reports of debtors

    g. actions and training of collectors on the filing of garnishment proceedings in Alabama;

    h. actions and training of collectors on requirements for the filing of property liens on a debtor's property in Alabama;

    i. the purchase of debt by the company for collections activities;

5. Policies and procedures of the company on dismissal of rouge employees or employees who violate company policy and procedure;

6. All litigation against the NCB Management Services, Inc., NCB Capital, Inc or National American Credit Corporation.

The deposition will continue from time to time until completed.

                                                                Respectfully Submitted,
                                                                 /s/ Gerald A. Templeton
                                                                 **Gerald A. Templeton, Esq.**
                                                                 Attorney for Plaintiff

**OF COUNSEL:**
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of April 2007, I served via First-Class mail, postage prepaid, and via facsimile transmission, a true and correct copy of the foregoing document to the following parties:

**Jeffery L. Luther** (LUTHJ0532)
Attorneys for NCB Management Services.
PO Box 1003
Mobile, AL 36633
(251) 433 8088
(251) 433 8011

**David G. Poston** (POS007)
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555
(334) 671 2689 Fax

/s/ Gerald A. Templeton
OF COUNSEL