**IN THE UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | |
|---|---|
| **BRADLEY THOMAS, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| vs. | ) CASE 1: 2006-CV-165-MEF-TFM |
| | ) |
| **NCB MANAGEMENT SERVICES, INC.,** | ) |
| **JOHN HARDING, an Individual** | ) |
| | ) |
|     **Defendant.** | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL SITE INSPECTION

    This Response is filed in response to Defendants' submission on the Plaintiff's Motion to Compel a Site Inspection.

1.     Plaintiff timely and sufficiently filed a motion for site inspection under F.R.C.P 34 for the inspection of the collection center premises where Defendants work and used to attempt the collection of the debt of the Plaintiff and wherein multiple harassing telephone calls were made by Defendant Harding (Real name is Steve Uva, although an answer to the complaint in his name has never been filed in this matter) over a substantial period of time.

2.     Plaintiff's counsel certifies under F.R.C.P. that he tried to work this out with Defense Counsel as the documents in Defendant's response clearly show.

3.     Plaintiff's counsel relayed to Defense Counsel that if his client would not agree to a site inspection, that are routinely done and clearly stated by F.R.C.P 34 without

the need for the Court's Intervention, he should file a protective order with the Court. Defense Counsel would not file a motion for Protective Order.

4. Plaintiff's counsel, under an abundance of caution, before traveling to Philadelphia for the depositions currently set, filed its motion to compel to have this issue decided before traveling.

5. John Harding (Real Name - Steve Uva) is employed by Defendant NCB.

6. The necessity and purpose of this inspection are obvious in this case. Plaintiff desires to learn the specific layout of the collection center, the location of various managers and supervisors in relation to collection employees, who sat near the Defendant, who was working at the time of the alleged abusive calls to the Plaintiff, as well as for numerous other legitimate litigation purposes. Moreover, Plaintiff's Request for Inspection of the premises is consistent with both the letter and spirit of Rule 34 of the Federal Rules of Civil Procedure.

7. Specifically, Rule 34(a) permits any party to serve on another party a request to permit entry upon designated property in the possession or the control of the other party for the purpose of inspection and measuring any designated object or operation thereon. Fed.R.Civ.P. 34(a). This provision of Rule 34 is the substantive legal basis upon which Plaintiff makes this reasonable request for inspection.

8. Plaintiffs' are entitled to an inspection of the Defendant's premises pursuant to Fed.R.Civ.P. 26 AND 34(a). As such, the Plaintiffs are entitled to enter and inspect the premises of these Defendants for the purpose of examining their computer systems, telephone systems, other data recordation systems, seating

arrangements, and general layout of the collection center. If a picture is worth a thousand words, then an in-person inspection is worth a million.

9. While the specific litigation strategy of the Plaintiffs is a matter of both the attorney work product privilege and attorney-client privilege, suffice it to say that the Plaintiffs desire to learn precisely how this debt collector operates and how it records its collection communication activities with persons such as the Plaintiff. It is not unreasonable to infer that the purpose of this inspection is to gain a better understanding of the Defendants' physical layout to assist Plaintiff in litigating its case at trial.

10. This is not the first time an onsite inspection has been used by this counsel in a Fair Debt Collection Practices case. In his most recent case, no need for even a formal request was required and the depositions occurred inside the headquarters.

11. Only a physical inspection of the premises will reveal how employees are situated within this collection office and precisely how they record their presence or absence through the use of computer systems, time clocks, or other manual timekeeping systems. This in turn may reveal details about the work environment which would either permit, encourage, or condone the kind of collection abuse administered to the Plaintiff's over an extended period of time.

12. At the outset, Plaintiff has attempted to acquire information through discovery served to Defendant. For the most part Defendant has done nothing but object to the requests.

13. Generally, discovery is allowed into any matter that is relevant to a claim or defense of any party to the action, and which is not otherwise privileged. As

|     |     |
| --- | --- |
|     | discussed above, the matters and things to be inspected by the Plaintiff in this case are directly relevant to the claims and liabilities of these Defendants. |
| 14. | Moreover, the Rule 34 Inspection is aimed at determining the precise physical locations of the Defendant debt collectors in relation to one another, identifying other potential witnesses to these telephone calls, and identifying the specific nature of the telephone and computer systems used to record these collection calls.  For obvious reasons, these Defendants might prefer that the Plaintiff's not learn this relevant information as it might assist the Plaintiff in proving its case of intentional conduct. |
| 15. | While Plaintiffs appreciate Defendants' position in this case, Plaintiff intends to determine based upon an observation the physical proximity and time card records, precisely who was working with Defendant Harding (Steve Uva) on or around the time he made the comments to the Plaintiff he is alleged to have made in the Plaintiff's Complaint. |
| 16. | It is axiomatic that a person sitting across from or next to Defendant Harding (Steve Uva) while he made these collection calls to Plaintiffs would have the most knowledge of what might have been said.  Given that these facts are disputed between the parties, Plaintiff intends to identify those individuals who might have more knowledge based upon there physical proximity.   For this reason alone, Defendants' Motion to Strike the Site Inspection should be denied. |
| 17. | Moreover, Plaintiffs desire to insure that they have a full understanding of the collection systems and processes by which Defendant's collection employees make these dunning collection calls to persons such as the Plaintiffs.  Specifically, |

it is well-known within the collection industry that there are techniques for using "desk phones" which are not attached to the central computer system used for automatically recording call information, in collection efforts. The use of these so called desk phones is to harass and abuse consumer debtors in a fashion which is not readily detected given the fact that no computer record is maintained for outgoing calls from these telephones.

18. In addition, Plaintiffs' have a right to understand how these call collection records were created on the Defendant's computer system and whether or not they in fact can be deleted, altered, or changed.

19. Again, without dipping into the realm of trial strategy, suffice it to say that Plaintiffs have a legitimate need and purpose for inspecting this collection premises and their motion is due to be granted.

Wherefore, the Premises Considered, Plaintiffs have articulated important and relevant evidence which can be obtained from a brief, non-intrusive, and directed Rule 34 on-site inspection of Defendant's collection premises. This proposed Rule 34 inspection has never been intended to annoy, oppress, or burden these Defendants. Plaintiffs have made it to occur in conjunction with the depositions set in this matter. The request is legitimate and is made to achieve the goals of discovering admissible and relevant evidence, while respecting the right of the Defendants to conduct their collection business.

For all of the foregoing reasons, Plaintiffs respectfully asks that this honorable court enter an order allowing the site inspection to occur, as noticed to the Defendant, permitting this reasonable inspection to take place in an orderly and non-intrusive manner.

          Respectfully submitted,

          /s/ Gerald A Templeton, Esq.
          **Gerald A. Templeton, Esq.**
          Attorney for Plaintiffs

**OF COUNSEL**:
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this  8th  day of May 2007, I served by Facsimile Transmission and via Electronic Filing, a true and correct copy of the foregoing document to the following parties:

**Jeffery L. Luther** (LUTHJ0532)
Attorneys for NCB Management Services.
PO Box 1003
Mobile, AL 36633
(251) 433 8088

**David G. Poston** (POS007)
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555

          /s/ Gerald A Templeton
          OF COUNSEL