**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| BRADLEY THOMAS, & | ) | |
| LAURIE THOMAS, | ) | |
| | ) | |
| PLAINTIFFS, | ) | |
| | ) | |
| vs. | ) | CASE #: 1:2006-CV-165-MEF-TFM |
| | ) | |
| NCB MANAGEMENT SERVICES, INC, & | ) | |
| JOHN HARDING, INDIVIDUALLY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

**PLAINTIFFS' MOTION TO STRIKE DEFENDANTS' OBJECTION AND MOTION TO
QUASH PLAINTIFFS' RULE 30(b)5 PRODUCTION OF DOCUMENTS;  PLAINTIFFS'
RESPONSE TO DEFENDANT'S OBJECTION AND MOTION TO QUASH**

Come now the Plaintiffs, Bradley Thomas and Laurie Thomas, by and through the

undersigned counsel of record and moves this Honorable Court to strike the Defendants'

objection to and motion to quash Plaintiffs' Rule 30(b)5 request for production of documents.

The Plaintiffs also submit their response to the Defendants' objection to and motion to quash

30(b)5 request for production of documents.  In further support of their position, the Plaintiffs

state as follows:

1.    After several attempts to set depositions of the Defendants, the Plaintiffs served, on or

about March 16, 2007, the initial Rule 30(b)(5) and 30(b)(6) notice of deposition of the

Defendant and the corporate representative of NCB Management Services, Inc.  The

deposition was originally scheduled to occur on April 25, 2007, at the NCB headquarters

in Pennsylvania. (Attached is a copy of the March 16th, 2007 Deposition Notice)

2.    The Defendants did not object to the original 30(b)(5) request for production of

documents.

1

3.      The Defendants, by and through counsel of record, notified the Plaintiffs that the Defendants would not be attending the deposition.  As such, the depositions were cancelled by consent.

4.      After many more weeks of trying to set the depositions, the dates were set and new deposition notices were sent.  The depositions were rescheduled for May 11, 2007, at the NCB headquarters in Pennsylvania.  The re-notice of the depositions were served on April 25, 2007.

5.      The April 25, 2007 re-notice of deposition and the Rule 30(b)(5) request for production of documents were simply a re-notice of the original depositions and request for production of documents with some changes and additions.

6.      The current Rule 30(b)(5) request for production of documents is substantially similar in nature to the original 30(b)(5) request for production of documents.

7.      The Defendant has had over 45 days to object to most of the 30(b)(5) request for production of documents.  The other requests are reasonable and allowable under the discovery rules.

8.      It is only on the eve of deposition that the Defendant has objected to and now untimely and inappropriately moved to quash the Plaintiffs' Rule 30(b)(5) request for production of all documents.

9.      Although the Plaintiffs did not submit a Rule 45 Subpoena with the document request, the Defendants move to quash the Rule 30(b)(5) request for production of documents.

10.    Rule 26(c), of the Fed. R. of Civ. Proc., it provides that "upon motion by a party...from whom discovery is sought, **accompanied by a certification that the movant has in good faith conferred or attempted to confer with other effected parties in an effort**

**to resolve the dispute without court action, and for good cause shown**, the court...on matters relating to a deposition," may issue a protective order. (Emphasis added)

11.   Although the Defendants' motion to quash is not styled a motion for protective order, it appears to be requesting the court to issue such protective order.

12.   Although the Defendants have had over 45 days to confer, Defendant's Counsel have never expressed its concerns or objections to the Plaintiffs' Rule 30(b)(5) request for production of documents in the deposition notices.

13.   Further, the Defendants' objections and motion to quash do not contain a "certification" indicating "that the movant has in good faith conferred or attempted to confer" with the Plaintiffs.  As it has not happened.

14.   The time for filing objections to the discovery requests that were served for over 30 days has been waived by the failure to provide an objection within 30 days from first service.

15.   Importantly, in the standing "Guidelines to Civil Discovery Practice in the Middle District of Alabama," this court has set forth specific guidelines dealing with discovery (hereinafter, "Guidelines").

15.   The last sentence of the Guidelines states that, "where a question arises...it is hoped that attorneys will consult these guidelines for an answer rather than immediately filing a motion with the court."  Guidelines at p. 12.

16.   Additionally, throughout the Defendant's objection to and motion to quash Plaintiffs' Rule 30(b)5 production of documents, the Defendants continually asserts as a refusal to produce certain documents, an attorney-client privilege and the "work-product doctrine." Defendants' objection p. 2, objection to request to; page 3, objection to plaintiffs' third request; page 4 objection to plaintiffs' sixth request.

3

17.     The Guidelines long established by this Honorable Court provide specifics for invoking privilege or work-product doctrine.  The guidelines have not been followed.  Guidelines at p. 3-4.

18.     The Defendants have not provided any factual detail, affidavit, or brief of law specifically defining the privilege or how the work-product doctrine applies.  See Guidelines at p. 4.

20.     In its objection to and motion to quash Plaintiffs' Rule 30(b)(5) request for production of documents, the Defendants also object to a number of questions alleging that the questions are vague, burdensome, broad, or irrelevant to the issues.  Defendants' objection, P.2.  Objection to Plaintiffs' first request; Defendants' objection p. 3 objection to Plaintiffs' request number 4 and request number 5; defendants' objection p. 4 objection to plaintiffs request number 6, 7, and 8; Defendants' objection page 5 objection to plaintiffs' question 9, 10, 11, 12.

21.     In its Guidelines, this Honorable Court states that, "If a request for production is filed in connection with a deposition notice, lawyers are expected to cooperate to produce the documents before deposition to encourage cheaper, shorter, and more meaningful depositions."  Guidelines at p. 8.

22.     Although the Defendants have known of most of the specific requests for over 45days, it is on the eve of deposition in which the Defendants seek to relieve itself from the requirement of providing the requested documents.

23.     As it pertains to a claim of privilege, this Court's Guidelines further provides that if "a portion of a document is covered by a request, but another portion either is not or is privileged, the producing party is expected to first seek cooperation in the reasonable excision or redaction of non-discovered or non-discovery matter; only in extraordinary

4

situations approaching the court on the matter."  Guidelines at p. 9.

24.    In its objection to and motion to quash, the Defendants also elude to prior documents produced in response to the Plaintiffs' first request for production.

25.    In reality, the Defendants have been less than forthcoming in providing requested documents.

26.    Specifically, see attached the Defendant's prior response to Plaintiff's discovery requests. More of the same objections and the failure to produce even basic and typically requested information, policies and procedures, as well as to identify financially requested information is present throughout the Defendant's objections. (Defendant NCB's Response to Plaintiff's Request for Production is attached hereto)

27.    Plaintiff's submit that the Defendants' are simply engaging in a process to not participate in discovery, to engage in delay and obfuscation, as well failing to follow the specific guidelines and rules of the Standing orders of this Court and the Rules on Discovery.

28.    A summary of the items actually produced by the Defendants' are as follows:

John Harding (real name is Steve Uva.) Documents.

a.    JH 0001-0088 Debtmaster Computer Tutorial

b.    JH 0089-0090 Copy of Cancelled Check

c.    JH 0091-0092 Monthly Collector Bonus Calculation Spreadsheet

d.    JH 0093-0094 Memo on Compensation of John Harding (Real Name is Steve Uva.)

NCB Management Services, Inc. Documents.

a.    NCB 0001-0088 Debtmaster Collector Tutorial **(DUPLICATE COPY)**

b.    NCB 0089-90 Employment App of Steve Uva.

    c.       NCB 0091-0106 Collection Services Agreement NCB and HSBC

    d.       NCB 0107-0108 Copy of Cancelled Check **(DUPLICATE COPY)**

    e.       NCB 0109-0112 Copy of Civil Action CV-04-69 Bessemer Div., Jefferson

County Alabama wherein NCB was a Defendant.

    f.       NCB 0113-115 Monthly Collector Bonus Calculation Spreadsheet

( **DUPLICATE COPY** )

    g.       NCB 0113-0116 Memo on Compensation of John Harding (real name is

Steve Uva.) **(DUPLICATE COPY)**

    h.       NCB 0117-0140 Test Information on Steve Uva FDCPA Test.

    i.       NCB 0141-0149 Gap in Documents------------------

    j.       NCB 0150-0242 Collector's Manual NCB Guidelines.

    k.       NCB 0243-0255 Employee Information use of Account Collection system

    l.       NCB 0256-0257 NCB Confidentiality and Non Disclosure Agreement and

Electronic Monitoring Policy of NCB signed by Steve Uva.

    m.       NCB 0258 Client Privacy Policy signed by Steve Uva.

    n.       NCB 0259 NCB Confidentiality and Nondisclosure Agreement signed by

Steve Uva **(DUPLICATE COPY)**

    o.       NCB 0260 NCB Security Policy Acknowledgment signed by Uva.

    p.       NCB 0263-0264 Resume' of Steve Uva.

    q.       NCB 0265 New Employee Manual Form

    r.       NCB 0266 Company Dress Code Memo

    s.       NCB 0267 Cert of Liab Ins issued by The Hartford on NCB Management

Services, Inc.

6

   t.  NCB 0268-0270 NCB Status Codes and Commonly Used Letters.

   u.  NCB 0271-0274 Debtor History Report 04/12/2006.

29. Plaintiff does not seek duplication of any the documents previously produced. However, Plaintiff has duly filed a notice for production of various documents at the deposition of the corporate representative.

30. Some of the documents requested are the originals of some of the documents produced. This court is aware of the need for original documents and the appropriateness of the need to review originals as the best evidence.

31. Defense counsel is experienced and knows full well that his client is not required to produce again the same documents previously produced in discovery. However, if additional documents are duly requested, to which not timely objection was filed then Plaintiff's counsel is entitled to the production of the requested documents at the deposition.

32. Defendants have not met the required standards to have this court enter any order on discovery by the failure to even talk with Plaintiff's counsel about the requests and attempt to work out the discovery matters without court intervention. Similarly, Defendants have not met the requirements to claim Confidentiality or Attorney-Client Privilege.

  Wherefore, the premises considered, the Plaintiff requests this court enter an order denying Defendants motion to quash, to order the full production of any responsive documents filed in the documents request attached to the Re-Notice of Depositions served by Plaintiff in this matter.

/s/ Gerald A. Templeton
Gerald A. Templeton, Esq.
Attorney for Plaintiff

**OF COUNSEL**:
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park, Suite 200
Birmingham, Alabama 35244
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this **8th** day of May 2007, I served by electronic filing and electronic facsimile transmission or via First-Class mail, postage prepaid, a true and correct copy of the foregoing document to the following parties:

Jeffery L. Luther (LUTHJ0532)
Attorney for NCB Management Services.
PO Box 1003
Mobile, AL 36633
(251) 433 8088
(251) 433 8011

David G. Poston (POS007)
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555
(334) 671 2689 Fax

/s/ Gerald A. Templeton
OF COUNSEL

**IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **BRADLEY THOMAS, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **CASE 1: 2006-CV-165-MEF-DRB** |
| | ) | |
| **NCB MANAGEMENT SERVICES, INC.,** | ) | |
| **JOHN HARDING, an Individual** | ) | |
| | ) | |
| **Defendant.** | ) | |

<u>**RULE 30(b)(5) and 30(b)(6) NOTICE OF DEPOSITION**</u>

**Deponent:**       **Corporate Representative for NCB Management Services, Inc.**

**Date:**       **April 25, 2007**

**Time:**       **11:00 A.M. (Upon the conclusion of the Deposition of John Harding)**

**Location:**        **NCB Headquarters in Pennsylvania or other agreed upon location.**

**PLEASE TAKE NOTICE,** that counsel for the Plaintiffs, Bradley Thomas and Laurie Thomas will take the deposition of the deponent named above at the time, date and location indicated above, pursuant to Rule 30 of the Federal Rules of Civil Procedure, upon oral examination before a court reporter or other person lawfully authorized to administer oaths. The deposition will be taken for the purpose of discovery, for use as evidence in this action, and for such other purpose as permitted under the Federal Rules of Civil Procedure.

Plaintiff requests that the corporate representative produce, at the time of the deposition, the following documents or things for inspection and copying:

1.      Any and all documents of any nature showing the relationship of the corporate representative as to his employment or ownership of the companies, NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation.

2.      Any and all documents, photographs, videos, drawings, diagrams, or any other information of any nature whatsoever that were considered or reviewed by the corporate representative in formulating opinions, factual testimony or conclusions reached on any of the plaintiffs' claims or answers to the complaint in this matter.

3.      Any and all information, including electronic or written documents, notes, correspondence, memoranda, photographs, videos, diagrams, illustrations, governmental standards or regulations, articles, references or guidelines issued by any source, that were relied upon by the corporate representative or used as a basis for deriving or formulating opinions, factual testimony or conclusions or allegations made in the answer to the complaint in this matter or the testimony at the deposition.

4.      Copies of all documents showing, explaining or documenting the creation, formation and legal entity status of NCB Management Services, Inc., NCB Capital, Inc. or National American Credit Corporation, from inception to date, including the originals of the articles, bylaws, stock certificates or stock transfer ledger and minutes.

5.      Copy of the complete corporate tax returns, both Federal and State, for NCB Management Services, Inc., NCB Capital, Inc. and National American Credit Corporation for the last 3 years of 2004, 2005 and 2006.  Also include copies of documents filed with the Alabama Department of Revenue for NCB Management Services, Inc. to qualify it to do business in the state of Alabama.

6.      All the documents reviewed by the corporate representative in preparation for the testimony or which the representative may use at the trial of this case.

7.      The original of the personnel file of John Harding, including information on all employment reprimands, promotions, job duty change or investigation of any complaints against him.

8.    The original of all documents assigning the debt of Bradley and Laurie Thomas for collection by NCB Management Services, NCB Capital, Inc. or National American Credit Corporation.  Include the originals of all documents which the company contends gave or provided them the legal right to attempt the collection of the debt from Bradley and Laurie Thomas.

9.    All documents or agreements that identify or explain the legal relationship between NCB Management Services and Household Finance or HSBC Bank.

10.    Originals of all policy and procedure manuals or department manuals used by NCB Management Services, Inc. from 2002 to present.

The Defendant Corporation is requested to designate a representative for each of the following areas:

1. Corporate formation and existence of NCB Management Services, Inc. NCB Capital, Inc. and National American Credit Corporation and the relationship between the companies, if any.

2. Operations and business results NCB Management Services, Inc., NCB Capital, Inc. and National American Credit Corporation.

3. Annual Financial Statements for the year ended 12/31/2006 if the Tax Returns for the period are not completed.

4. Testimony or documents that form the basis and particulars of the following:

    a. all responses and affirmative defenses in answers to the complaint in this matter;

    b. actions taken to collect the debt from Bradley and Laurie Thomas;

    c. actions taken to train John Harding on collection  techniques;

    d. actions taken to train collectors of the company on FDCPA requirements;

e.  actions taken to train collectors of the company on FCRA requirements of the company;

f.  actions by collectors and training of them, on how and when to pull credit reports of debtors

g.  actions and training of collectors on the filing of garnishment proceedings in Alabama;

h.  actions and training of collectors on requirements for the filing of property liens on a debtor's property in Alabama;

i.  the purchase of debt by the company for collections activities;

j.  policies and procedures of the company on dismissal of rouge employees or employees who violate company policy and procedure;

k.  all litigation against the NCB Management Services, Inc., NCB Capital, Inc or National American Credit Corporation.

The deposition will continue from time to time until completed.

Respectfully Submitted,


/s/ Gerald A. Templeton
**Gerald A. Templeton, Esq.**
Attorney for Plaintiff


**OF COUNSEL**:
**THE TEMPLETON GROUP, P.C.**
1000 Providence Park
Suite 200
Birmingham, Alabama 35242
(205) 980 8828 phone
(205) 980 8848 Facsimile
jerry@ttgpc.com email

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March 2007, I served via First-Class mail, postage prepaid, and via facsimile transmission, a true and correct copy of the foregoing document to the following parties:

**Jeffery L. Luther** (LUTHJ0532)
**Michael P. Barratt** (BARRM3920)
Attorneys for NCB Management Services.
PO Box 1003
Mobile, AL 36633
(251) 433 8088
(251) 433 8011

**David G. Poston** (POS007)
Brock and Stout
PO Drawer 311167
Enterprise, AL 36331-1167
(334) 671 5555
(334) 671 2689 Fax

/s/ Gerald A. Templeton
OF COUNSEL

## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF ALABAMA
## SOUTHERN DIVISION

BRADLEY THOMAS, & )
LAURIE THOMAS )
                     )
       Plaintiff, )
                     )
v. )      1:2006-CV-165-MEF-DRB
                     )
NCB MANAGEMENT SERVICES, )
INC., & JOHN HARDING, )
INDIVIDUALLY )
                     )
       Defendants. )

---

## DEFENDANT, NCB MANAGEMENT SERVICES, INC.'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION

---

COMES NOW, Defendant, NCB MANAGEMENT SERVICES, INC., by and through their undersigned counsel of record and in response to the Plaintiffs' First Set of Interrogatories and Requests for Production, sets down the following separately and severally, to-wit:

### GENERAL OBJECTIONS

Each of the following General Objections is asserted with respect to each Interrogatory and Request for Production as a predicate to any specific response and in addition to any specific objection listed below.

     1.     The Defendant objects to each of the Interrogatories to the extent

Thomas v. NCB
CV-1.06CV165.DRB
LOR File No.: 06-060-JLL/MPB-vam
Page 1 of 19

they, or any of them, seek information prepared in anticipation of litigation, protected by the attorney/client privilege or the work-product doctrine, or protected by the self-critical analysis privilege, and any Interrogatories would exclude any such materials.

2.    The Defendant objects to any Interrogatory which is not specifically limited in time, subject matter, or geographical scope on the grounds that such requests are overly-broad, unduly burdensome, not reasonably limited in time, subject matter or scope and not reasonably calculated to lead to the discovery of admissible evidence.

3.    Each of the foregoing general objections is hereby incorporated by reference and each and all of the following specific responses, each of which are subject to and without waiver all such general objections. Any file reproduced will be produced exclusive of privileged or work-product materials and exclusive of documents prepared in anticipation of litigation.

## **INTERROGATORIES**

1.    State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer each Interrogatory.

**RESPONSE:**        **Richard Silver - CEO**
                           **NCB Management Services, Inc.**
                           **1 Allied Drive**
                           **Trevose, PA 19053**

**and with the assistance of counsel.**

2.      State the correct legal name of your organization.

**RESPONSE:**

      **NCB Management Services, Inc.**

3.      State any other names that your organization uses to identify itself, whether such names are registered with any official, and the date and place of such registration.

**RESPONSE:**

      **N/A**

4.      State the name, title, address and job description of each director, partner, (general or limited), shareholder, employee, officer, and manager of Defendant who authorized or approved collection of the account against the Plaintiffs.

**RESPONSE:**

      **This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence.    However, without waiving said objection, the Supervisor in this matter was Chas Lauble, a/k/a Scanlon.**

5.      Identify and describe any documents, handbooks, manuals, memorandum, or any other writings used to describe, depict, record or establish Defendant's collection methods and collection techniques used in the collection of consumer accounts.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is vague, ambiguous, overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection, Defendant provides Collection Tutorial Manuals for computer programs attached hereto and bate stamped NCB-0001 thru NCB-0088.**

6.    Identify by index listing, (including the title, author, subject, and date of creation) of any reports, memoranda, collection notices or other mailings for collection, used by Defendant to collect debt purchased or owned by Defendant or otherwise used by Defendant in its collection activities.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence.**

7.    Is Defendant affiliated with any other organization (e.g., common ownership, overlapping offices or managers or common facilities or employees)? If so, describe the affiliation and identify the participants.

**RESPONSE:**

**NCB Capital, Inc. - Share common ownership and office.**
**N.A.C.C. - Share common ownership and office.**

8.    Identify all present and past contracts or agreements between Defendant and the original creditor of Plaintiffs and give the date of the initial contract or agreement with the creditor.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection, please see attached documents bated stamped NCB-0091 thru NCB-0106.**

9.    Identify the terms of the agreement between Plaintiffs and the

creditor pursuant to which Defendant sought to collect this account from the

Plaintiffs.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection this Defendant was contacted in order to attempt to collect on this account. Please see attached documents bate stamped NCB-0107 thru NCB-0108.**

10.    Describe any other business other than the collection of consumer

accounts in which Defendant now engages or in the past have engaged.

**RESPONSE:**

**N/A**

11.    Does Defendant file or retain attorney(s) to file lawsuits to collect

consumer accounts?

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, not likely to lead to discoverable evidence, attorney/client privilege, and work product. However, without waiving said objection, this Defendant does not retain attorneys to file lawsuits for collection on consumer accounts.**

12.    If the answer to the immediately preceding Interrogatory is

affirmative:

      a.     identify Defendant's employee(s) who make(s) or approve(s) the decision to file suit or to request an attorney to file suit;

      b.     at what point in Defendant's collection process is the decision to sue made?

      c.     state what criteria and policies are used in deciding whether to sue (e.g., minimum dollar amount, distance of consumer from Defendant's office, contingency of claim, debtor's assets, defenses to claim) and how those criteria and policies have changed since 2002, identifying any documents discussing such criteria and policies in use by Defendant since 2002;

      d.     identify the attorney(s) retained by Defendant in Alabama to file collection suits;

      e.     state with specificity the law firm in which Defendant referred the collection account for the "intention of filing a lawsuit";

      f.     identify each document and other method of communication in which creditor authorizes Defendant to initiate lawsuits against consumers.

**RESPONSE:**

      **This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, not likely to lead to discoverable**

evidence, attorney/client privilege, and work product. However, without waiving said objection see response to Interrogatory #11.

13.    **THERE IS NO INTERROGATORY #13**

14.    **THERE IS NO INTERROGATORY #14**

15.    Identify by caption, court, civil action number and result of litigation filed against the Defendant in the State of Alabama.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection see attached documents bate stamped NCB-0109 thru 0112.**

16.    If your response to the Requests for Admissions served simultaneously herewith is anything other than an unqualified admission, then please state as to each such denial, the specific facts forming the basis for such denial and identify each witness and document upon which you will rely to support your denial.

**RESPONSE:**

**This Defendant objects to this Interrogatory on the grounds that it calls for a legal conclusion, is overly broad and unduly burdensome, vague, not likely to lead to discoverable evidence, protected by the work product doctrine, and attorney/client privilege.**

17.    Describe, step-by-step, the process by which you determined the appropriate status of the debt in regard to bankruptcy discharge, statute of limitation and the prior satisfaction of the debt by the Plaintiffs.

**RESPONSE:**

This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection, a bankruptcy check was done in order to determine the status and at that time it was determined that a bankruptcy had not been filed by the Plaintiff.

18.     Describe, step-by-step, the process by which you determined that Plaintiffs owed the account you sought to collect.

**RESPONSE:**

This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection, please see attached documents bate stamped NCB-0107 thru NCB-0108.

19.     State with specificity the reasons used in the decision to contact third parties to obtain location information on the Plaintiffs.

**RESPONSE:**

This Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence. However, without waiving said objection, this Defendant did not contact any third parties to obtain location information on the Plaintiffs.

20.     State with specificity the facts leading you to the conclusion contained in the preceding paragraph.

**RESPONSE:**

See response to Interrogatory #19

21.     State with specificity the name of the person, job title, address, city,

state and telephone number of the person who made the decision to contact third-

parties in the collection of the debt against the Plaintiffs.

**RESPONSE:**

      **See response to Interrogatory #19.**

BY: _____

RICHARD SILVER
CEO of NCB MANAGEMENT SERVICES, INC.

STATE OF ~~ALABAMA~~ Pennsylvania )
COUNTY OF ~~MOBILE~~ Bucks )

     I, RICHARD SILVER, being first duly sworn, on oath, deposes and says that he is the CEO of NCB Management Services, Inc., and that he signs the foregoing Interrogatories on behalf of the Defendant and is duly authorized to do so; that he has read the above Interrogatories and knows the contents thereof, that said responses were prepared with the assistance of employees and counsel for said Defendant upon which he has relied; that the responses set forth herein, subject to inadvertent and undiscovered errors, are based upon and necessarily limited by the records and information still in existence, presently recollected, and thus far discovered in the course of preparation of those response; and consequently, the Defendant reserves the right to make any changes in the responses if it appears at any time that omissions or errors have been made therein or that more accurate information is available; and that subject to the limitations set forth herein, the said responses are true to the best of his knowledge and belief.

Subscribed to and sworn to before me
this 7th day of February 2007.

_(Adrienne Lucas)_____
Notary Public, State at Large
My Commission Expires: 7-29-09

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Adrienne Lucas, Notary Public
Bensalem Twp., Bucks County
My Commission Expires July 29, 2009
Member, Pennsylvania Association of Notaries

## REQUESTS FOR PRODUCTION

1.     Produce a listing of the salary, commission, and bonus records for collectors, supervisors, and employees involved in your debt collecting operations who had any contact with Plaintiff during the two (2) years prior to the filing of this lawsuit.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence.  However, without waiving said objection, please see attached documents bate stamped NCB-0113 thru NCB-0116.**

2.     Produce all manuals and guidelines governing the payment of salary, commission, and bonuses for employees, collecting money in your collection operations, including collectors, supervisors, directors, attorneys, and persons in control which were in effect at any time from January 1, 2003 to the present.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection, please see attached documents bate stamped NCB-0113 thru NCB-0116.**

3.     Produce copies of any complaint or litigation filed against the Defendant after January 1, 2002, to the present, alleging tortuous collection activities, including but not limited to the torts of Invasion of Privacy or for violations of the Fair Debt Collection Practices Act from collections made by

Defendant.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection see attached documents bate stamped NCB-0109 thru NCB-0112.**

4.    Produce and attach a true and correct copy of each collector's personnel, payroll, and training files, and all complaint letters received regarding each collector that has ever spoken with or communicated with the Plaintiffs.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection, please see attached documents bate stamped NCB-001 thru 0090; NCB-0113 thru 0116; NCB-0117 thru NCB-0140; NCB-0141 thru 0149; NCB-0150 thru 0242; NCB-0243 thru 0266.**

5.    Provide a copy of each and every telephone bill or log for every telephone line used by Defendants or any of its agents or collection calls to Plaintiff from January of 2003 to present.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope.**

6.    Provide a copy of the original contract entered into between any owner of the debt or the creditor, and the Defendant regarding this account

and/or the portfolio which contained this account.

**RESPONSE:**

        **See attached documents bate stamped NCB-0107 thru NCB-0108.**

    7.    Provide a copy of each and every collection and monitoring criteria

required by the debt owner.

**RESPONSE:**

        **This Defendant objects to this Request on the grounds that it is
overly board and unduly burdensome, vague, unintelligible, and not likely to
lead to discoverable evidence.**

    8.    Provide a copy of each and every form used by Defendant to monitor

the collection of accounts.

**RESPONSE:**

        **This Defendant objects to this Request on the grounds that it is
overly broad and unduly burdensome, vague, unintelligible, and not likely to
lead to discoverable evidence.**

    9.    Provide a copy of each and every document that, Defendant contends,

shows it was not a debt collector when filing the underlying civil action against the

Plaintiff.

**RESPONSE:**

        **This Defendant objects to this Request on the grounds that it
calls for a legal conclusion, is overly broad and unduly burdensome, and not
likely to lead to discoverable evidence. However, without waiving said
objection please see this Defendant's responses to its Requests for
Admissions.**

    10.    Provide a copy of any document that, Defendant contends, shows or

tends to show that Defendant is not responsible for Plaintiff's injuries and damages in this matter or that provides any support for any Affirmative Defense stated in Defendant's Answer to the Complaint in this matter.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it calls for a legal conclusion, and is overly broad and unduly burdensome, work product doctrine, and attorney/client privilege. However, without waiving said objection, this Defendant contends that the Plaintiff did not suffer any injuries or damages.**

11. Provide a copy of all documents in possession of Defendant showing or proving the verification of the alleged debt.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it calls for a legal conclusion, and is overly broad and unduly burdensome. However, without waiving said objection, please see attached documents bate stamped NCB-0107 thru NCB-0108.**

12. Provide a copy of each and every complaint filed against the Defendant with the Federal Trade Commission, United States Attorney General and/or all states Attorneys General from January 1, 2002, to present.

**RESPONSE:**

**This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection see attached documents bate stamped NCB-0109 thru NCB-0112.**

13. Provide a copy of each and every Consent Decree, Consent Order,

Judgment Order or Injunction entered against the Defendant from January 1,

2002, to the present.

**RESPONSE:**

> **See response to Request #12 above.**

14.    Provide a copy of all documents relating to the procedures used to

verify that the alleged debt owed by Plaintiff was not outside of the applicable

Alabama Statute of Limitations.

**RESPONSE:**

> **This Defendant objects to this Request on the grounds that it calls for a legal conclusion and is overly broad and unduly burdensome. However, without waiving said objection, please see attached documents bate stamped NCB-0107 thru NCB-0108.**

·15.    Provide a copy of all letters received from attorneys from January 1,

2003, through the present complaining about the collection activities or conduct

of employees of the Defendant.

**RESPONSE:**

> **This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection this Defendant has not received any letters from attorney from January 1, 2003 to the present about the collection activities of John Harding, a/k/a Steve Uva.**

16.    Provide a copy of all complaint letters received from consumers from

January 1, 2003, through the present complaining about the collection activities

or conduct of the Defendant or its collectors.

**RESPONSE:**

      **This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection this Defendant has not received any complaints about the collection activities of John Harding, a/k/a Steve Uva.**

     17.    Provide a copy of all complaints received from the Better Business Bureaus from January 1, 2003, through the present complaining about the collection activities or conduct of the Defendant's collectors.

**RESPONSE:**

      **This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope. However, without waiving said objection this Defendant has not received any complaints from the Better Business Bureaus from January 1, 2003 to the present about the collection activities of John Harding, a/k/a Steve Uva.**

     18.    Provide a copy of all bar complaints made to the Alabama State Bar from January 1, 2003, through the present regarding any attorney used or employed by Defendant for collection activities within the State of Alabama.

**RESPONSE:**

      **This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, and not likely to lead to discoverable evidence, and not properly limited in time and scope.**

     19.    Produce a copy of each and every document recognizing, naming or in any way memorializing that the collectors on this account received any monthly, weekly or daily prizes and awards, (i.e., collector of the most gross

dollars, etc.).

**RESPONSE:**

This Defendant objects to this Request on the grounds that it is **overly broad and unduly burdensome, vague, and not likely to lead to discoverable evidence. However, without waiving said objection, there were no monthly, weekly or daily prizes or any awards or bonuses received on this account by Steve Uva.**

20.    Produce a copy of all talk-offs or scripts used by the Defendant and

its collectors in any collection or debt verification activities.

**RESPONSE:**

This Defendant objects to this Request on the grounds that it is **overly broad and unduly burdensome, vague, and not likely to lead to discoverable evidence. However, without waiving said objection see attached documents bate stamped NCB-0141 thru NCB-0149.**

21.    Produce a full and complete copy of each and every insurance policy

which is applicable to the Plaintiffs' claims, including the amount of coverage and

applicable deductible.

**RESPONSE:**

This Defendant objects to this Request on the grounds that it is **overly broad and unduly burdensome, vague and not likely to lead to discoverable evidence.    However, without waiving said objection, see attached document bate stamped NCB-0267.**

22.    Produce any and all documents, tape recordings, computer notes,

logs, letters, and any other documents or records reflecting attempts to collect

sums of money from the Plaintiff.

**RESPONSE:**

This Defendant objects to this Request on the grounds that it is overly broad and unduly burdensome, vague, and not likely to lead to discoverable evidence. However, without waiving said objection, please see attached documents bate stamped NCB-0268 through NCB-0274.

23.    Produce copies of all tape recordings of conversations between the

Plaintiff and Defendant or Defendant's employees.

**RESPONSE:**

This Defendant is not in possession of any tape recording of any conversations responsive to this request.

24.    Produce any document in possession of Defendant that Defendant

contends proves or tends to prove that Defendant is not responsible for the

damages of Plaintiffs in this matter.

**RESPONSE:**

This Defendant objects to this Request on the grounds that it calls for a legal conclusion, is overly broad and unduly burdensome, vague and ambiguous. However, without waiving said objection this Defendant contends that the Plaintiff did not suffer any damages in this matter.

Respectfully submitted,

JEFFREY L. LUTHER (LUTHJ0532)
MICHAEL P. BARRATT (BARRM3920)
Attorneys for NCB Management Services, Inc. and John Harding

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:    (251) 433-8088
FX:    (251) 433-8011

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this 21st day of February, 2007, served a copy of the foregoing upon counsel to all parties to this proceeding by placing the same in the United States mail, properly addressed and first-class postage prepaid.

Gerald A. Templeton, Esquire
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, Alabama 35244

OF COUNSEL