IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY THOMAS, & <br> LAURIE THOMAS | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | 1:2006-CV-165-MEF-DRB |
| NCB MANAGEMENT SERVICES, <br> INC., & JOHN HARDING, <br> INDIVIDUALLY | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' RESPONSE TO DEFENDANTS' OBJECTION TO THE MOTION TO COMPEL SITE INSPECTION**

COMES NOW, NCB MANAGEMENT SERVICES, INC. and JOHN HARDING, the Defendants in the above styled cause of action, by and through their undersigned counsel and file this reply to the Plaintiffs' Response to this Defendants' Response to the Motion to Compel Site Inspection. In reply to the Plaintiffs' Response, the Defendants set forth the following:

1. The Plaintiffs' Motion to Compel Site Inspection pursuant to Rule 34 of the *Federal Rules of Civil Procedure* is due to be denied on the grounds that a site inspection has no relevancy to the issues in this lawsuit, and furthermore, because the Plaintiffs' notice for site inspection is overly broad and unduly

burdensome.

2. The Plaintiffs' Complaint arises out of the Defendants' alleged violation of the Fair Debt Collection Practices Act. Specifically, the Plaintiffs have alleged that Co-Defendant Harding made abusive phone calls to the Plaintiffs. (See Plaintiffs' Complaint).

3. The Plaintiffs seek to inspect "the physical premises of the Company and the area of the Company where: (1) collectors work or are working, (2) it maintains executive offices, (3) computer operations are centralized or networked from, (4) telephone systems are centralized, (5) collection systems are used, and (6) all areas where John Harding has worked or is working at the Company." (See Plaintiffs' Notice of Site Inspection).

4. The Plaintiffs' state that the "necessity and purpose" of the site inspection is "to learn the specific layout of the collection center, the location of various managers and supervisors in relation to collection employees, who set near the Defendant, who was working at the time of the alleged abusive calls to the Plaintiffs, as well as for numerous other legitimate litigation purposes." The Plaintiffs further state that they "desire to learn precisely how this collector operates and how it records its collection communication activities with persons such as the Plaintiffs." (See Plaintiffs' Response to Defendants' Response to Plaintiffs' Motion to Compel Site Inspection).

5. The Plaintiffs go on to state that "the Rule 34 inspection is aimed at determining the precise physical location of the Defendant debt collectors in relation to one another, identifying other potential witnesses to these telephone calls, and identifying the specific nature of the telephone and computer systems used to record these collection calls." (See Plaintiffs' Response to Defendants' Response to Plaintiffs' Motion to Compel Site Inspection).

6. All information that the Plaintiffs claim to seek through the site inspection could be discovered through deposition. Additionally, a site inspection is not going to provide the Plaintiffs with any insight into the conduct of Co-Defendant Harding during the time period that is at issue in this suit. The site inspection is not necessary and would allow for an unwarranted interruption of Co-Defendant NCB's business operations.

WHEREFORE, the foregoing premises considered, these Defendants respectfully request that this Honorable Court deny the Plaintiffs' Motion to Compel Site Inspection.

Respectfully submitted,

_____
JEFFREY L. LUTHER (LUTHJ0532)
D. TRICE STABLER (STABD3501)
Attorneys for NCB Management Services, Inc.
and John Harding

OF COUNSEL:

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:   (251) 433-8088
FX:   (251) 433-8011

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 8th day of May 2007, served a copy of the foregoing pleading was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

David G. Poston, Esquire
Brock and Stout
P. O. Drawer 311167
Enterprise, AL 36331-1167
(334) 671-5555
(334) 671-2689 (Fax)

Gerald A. Templeton, Esq.
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, AL 35244
(205) 980-8828
(205) 980-8848

_____
OF COUNSEL