IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| BRADLEY THOMAS, & <br> LAURIE THOMAS | ) <br> ) <br> ) | |
| Plaintiff, | ) <br> ) | |
| v. | ) <br> ) | 1:2006-CV-165-MEF-DRB |
| NCB MANAGEMENT SERVICES, <br> INC., & JOHN HARDING, <br> INDIVIDUALLY | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

**DEFENDANTS' REPLY TO PLAINTIFFS' MOTION TO
STRIKE DEFENDANTS' OBJECTION AND MOTION TO
QUASH PLAINTIFFS' 30(b05 PRODUCTION OF DOCUMENTS**

COMES NOW, NCB MANAGEMENT SERVICES, INC. and JOHN HARDING, the Defendants in the above styled cause of action, by and through their undersigned counsel and file this reply to the Plaintiffs' Motion to Strike these Defendants' Objection and Motion to Quash the Plaintiffs' Rule 30(b)5 Request for Production of Documents. In opposition to the Plaintiffs' Motion to Strike, the Defendants set forth the following:

1.   In its Motion to Strike, counsel for the plaintiffs avers that defense counsel has failed to make a good faith attempt to resolve discovery disputes. The Defendants adamantly disagree and advise this Court that defense counsel has

made numerous phone calls to Plaintiffs' counsel to discuss the Request for Production of Documents, however, these phone calls have gone unreturned.

2.    Plaintiffs also indicate in their Motion to Strike that the Defendants' Objections to the Plaintiffs' discovery requests are untimely because a response to the first notice of deposition was not filed. The Plaintiffs, however, also state to the Court that the applicable deposition notice that was filed after the original notice contains "some changes and additions." This deposition notice was not filed until April 25, 2007 and this Defendants' objections to the 30(b)5 Request for Production of Documents was filed on May 4, 2007, well within the time period set forth in the *Federal Rules of Civil Procedure*.

3.    The Defendants continue to ignore the relevancy requirements of Rule 26 as it relates to all aspects of discovery, whether it be Request for Production of Documents or Request for Site Inspection. The Plaintiffs are attempting to improperly utilize the *Federal Rules of Civil Procedure* in an attempt to facilitate their "fishing expedition." The Plaintiffs should be required to narrow down the scope of their Request for Production of Documents and advise counsel for the Defendants specifically what documents they are attempting to locate.

4.    For the reasons set forth in this Defendants' Objection and Motion to Quash Plaintiffs' 30(b)5 Request for Production of Documents, the Plaintiffs' Motion to Strike is due to be denied.

WHEREFORE, the foregoing premises considered, the Defendants respectfully request that this Honorable Court deny Plaintiffs' Motion to Strike and grant the Defendants' Motion to Quash Plaintiffs' 30(b)5 Request for Production of Documents.

Respectfully submitted,

_____
JEFFREY L. LUTHER (LUTHJ0532)
D. TRICE STABLER (STABD3501)
Attorneys for NCB Management Services, Inc.
and John Harding

**OF COUNSEL:**

LUTHER, OLDENBURG & RAINEY, P.C.
Post Office Box 1003
Mobile, Alabama 36633
PH:  (251) 433-8088
FX:  (251) 433-8011

## CERTIFICATE OF SERVICE

    I hereby certify that I have this \_\_\_\_ day of May 2007, served a copy of the foregoing pleading was electronically filed with the Clerk of this Court using the CM/ECF system which will send notification of such filing to the following:

David G. Poston, Esquire
Brock and Stout
P. O. Drawer 311167
Enterprise, AL 36331-1167
(334) 671-5555
(334) 671-2689 (Fax)

Gerald A. Templeton, Esq.
The Templeton Group, P.C.
1000 Providence Park, Suite 200
Birmingham, AL 35244
(205) 980-8828
(205) 980-8848

                                                  OF COUNSEL